**BABCOCK & WILCOX CO. v. NORTH CAROLINA PULP CO.**

No. 1266.

District Court, D. Delaware.

Nov. 23, 1938.

William G. Mahaffy and Herbert L. Cohen, both of Wilmington, Del., and William F. Wilder (of Gifford, Scull & Burgess), of New York City, for plaintiff.

Charles F. Richards (of Richards, Layton & Finger), of Wilmington, Del., and Zachary T. Wobensmith, 2d, of Philadelphia, Pa., for defendant.

NIELDS, District Judge.

Defendant has propounded 15 interrogatories to plaintiff. Plaintiff has answered the first and filed objections to the others.

### Interrogatories 2, 3, and 4.

These interrogatories seek to obtain information as to the dates upon which the inventions of the patents in suit were made. Discovery is now governed by Rules 26 to 37 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. These rules should be construed to secure the just, speedy and inexpensive determination of actions. With knowledge of the dates upon which plaintiff would rely, defendant could manufacture evidence to meet those dates. The rules have not altered human nature. The dates requested should be given in exchange for a statement by defendant of the dates relied upon for showing anticipation or prior use. Under old Equity Rule 58, 28 U.S.C.A. following section 723, courts adopted the practice of requiring an exchange as a safeguard against fraud or the possibility of fraud.

"In conclusion, it may be observed that there should always be an interchange of dates. The side urging the patent should not be called upon to give the date of invention, where no request is made for the prior use date. If, under such circumstances, one side were called upon to give the date of invention, while the opposing side was not called upon for prior use dates, there might readily be instances in which this information might be misused. It is believed that the system of contem-

poraneous exchange will work out fairly to both sides of the litigation." Dick Co. v. Underwood Typewriter Co., D.C., 235 F. 300, 305.

Neither Rule 33 nor Rule 58 refers specifically to an exchange of dates. Yet this court retains the power to administer the Rules in a manner fair to both parties. Both parties should file on the same day information as to their respective dates.

### Interrogatories 5, 6, 7, and 8.

These interrogatories seek information as to installations made by plaintiff and its predecessors which are supposed to embody or be operated according to the inventions of the patents in suit. If plaintiff proposes to offer at the trial evidence of installations in order to show the commercial success of the inventions in suit then plaintiff should furnish defendant a list of such installations within 10 days after the entry of the order pursuant to this memorandum.

Plaintiff objects to being required to "identify the respective claims" of the patents "applicable" to the various installations. There are only four claims in suit. It is impossible to "identify" a claim without construing it. Construction of claims is the province of the court. An interrogatory is designed to elicit facts yet construing a claim is eliciting an opinion. If plaintiff should be required to "identify" the claims defendant would receive a statement of one of plaintiff's officers giving his opinion as to the construction of the claims.

### Interrogatories 9 and 10.

With these interrogatories defendant submits exhibit 1 and asks whether that drawing shows defendant's apparatus and its operation. The patents in suit cover, respectively, an apparatus and a method for recovering chemicals. Defendant has installed and is operating a recovery unit at its plant in Plymouth, North Carolina. The apparatus is large. It comprises a recovery furnace 30 to 40 feet in height. There are a number of details which must be ascertained and examined to determine infringement. Exhibit 1 shows one view of the apparatus but is not enough to enable plaintiff to answer the two interrogatories propounded because the drawing is on such a small scale. It fails to show the details of construction. It is only one view of a large piece of apparatus. A correct understanding of the apparatus requires other views. Moreover, exhibit 1 does not describe how the apparatus is operated and does not give any proper basis for the interrogatory which inquires about operation. Plaintiff should be accorded an inspection of the apparatus and should be furnished with working drawings of the recovery unit provided any such drawings are at hand and are available. Until such inspection and the furnishing of any available drawings plaintiff is not required to answer interrogatories 9 and 10.

### Interrogatories 11 to 14, Inclusive.

These interrogatories ask what acts of defendant are charged as infringements besides the acts specifically charged in the bill of complaint. The only acts which plaintiff is specifically charging as an infringement are those committed at defendant's plant at Plymouth. At present, so far as plaintiff knows, those acts are the only acts of infringement committed by defendant. So far as plaintiff is informed defendant has only one installation. Plaintiff is not required to answer these interrogatories.

### Interrogatory 15.

This interrogatory asks "what act or acts of defendant are complained of as infringements". That information is already given in the bill of complaint. If the interrogatory is broadened defendant would be demanding from plaintiff information about its own acts which is in its own possession. Plaintiff is not required to answer this interrogatory.

An order may be submitted.