**GENERAL MOTORS CORPORATION v. CALIFORNIA RESEARCH CORPORATION.**

Civ. No. 1061.

United States District Court
D. Delaware.

Oct. 18, 1949.

See also 9 F.R.D. 565.

Hugh M. Morris (of Morris, Steel, Nichols & Arsht), of Wilmington, Del., and Drury W. Cooper and Thomas J. Byrne (of Cooper, Byrne, Dunham, Keith & Dearborn), of New York City, for plaintiff.

Thomas Cooch (of Marvel and Morford), of Wilmington, Del., and Leonard S. Lyon (of Lyon & Lyon), of Los Angeles, Cal., for defendant.

RODNEY, District Judge.

This matter concerns, (1) the plaintiff's objections to interrogatories No. 11 and 12 propounded by the defendant, and (2) the defendant's objections to certain interrogatories propounded to it by the plaintiff.

(1) The plaintiff objected to interrogatories No. 11 and 12 on three grounds. The first ground was that the interrogatories related to the question of damages, and it was agreed that if the court refused to strike the defendant's demand for a jury trial this first ground of objection would fall. The court having denied the motion to strike the defendant's demand for a jury trial, the first objection to the interrogatories consequently falls. It appears in the briefs that the plaintiff, in case its first objection is denied, is willing to answer the interrogatories No. 11 and 12 if such interrogatories are rephrased as stated by the plaintiff. It also appears that the rephrasing of the interrogatories as made by the plaintiff is satisfactory to the defendant and so, consequently, there is no matter as to these interrogatories now before the court and they may, as rephrased, be answered by the plaintiff.

(2) As to the interrogatories propounded to the defendant by the plaintiff. Originally the plaintiff propounded nine interrogatories and subsequently filed seven additional ones. Some are answered and objections are made to Nos. 2 to 9, inclusive, and Nos. 12, 14, 15 and 16. For convenience these may be considered in three groups, called groups A, B and C.

Group A consists of interrogatories Nos. 2 and 3. Interrogatory No. 2 propounded by the plaintiff seeks information as to the dates of invention (conception, first written description, first disclosure to others and reduction to practice) of each of the claims of the patents charged to be infringed by the plaintiff. There is also desired information of the bearing element compound, type of testing machine involved, as well as the names and addresses of all persons to whom the subject matter of each claim was disclosed or who participated in or were present on the date of the first reduction to practice of the subject matter of each claim. Interrogatory No. 3 inquires with respect to conception and first reduction to practice of each compound and method of treatment other than sulphur compounds or treatment involving the use of sulphur or sulphuric compounds.

The defendant has objected to these interrogatories on the ground that they are not relevant to any issue involved in the action. The defendant also contends that

if the interrogatories are material and seek relevant matter, they need not be answered until the plaintiff has answered certain interrogatories propounded to it by the defendant. The defendant therefore desires that if the subject matter of the interrogatories be deemed material, disclosures of answers to interrogatories on both sides be in sealed envelopes filed with the Clerk of the Court but not to be opened until the first day of trial in the presence of counsel for both parties and then only if material to the issues as then formed. The determination of the present matter requires some review of the present state of the pleadings and record.

This is a suit for declaratory judgment. The plaintiff in the complaint alleges that the defendant purports to hold two patents called, for convenience, "Neely 377" and "Floyd 379," and that the defendant has charged the plaintiff with infringement of such patents. The plaintiff denies such infringement and specifically denies the validity of such patents. In the complaint the plaintiff (by paragraph 11) avers the patents are invalid because the inventors were not the first inventors, in that the subject matter of the patents was patented and described in printed publications in this and foreign countries more than two years prior to the application for the defendant's patents. It is also alleged that the matters covered by the defendant's patents were in public use and/or sale in this country more than two years before the filing of the defendant's applications. The plaintiff lists, in support of its contentions, some nine United States patents, three foreign patents and five printed publications. By amendment to the complaint there was added a list of eight additional United States patents, three foreign patents and some 26 additional printed publications. As part of paragraph 11 of the complaint the plaintiff stated that the instances of prior invention, prior knowledge and use by others, and prior public use and sale were, so far as then ascertained, by the patentees of the patents referred to and the authors of the various publications and by the plaintiff at Detroit and elsewhere.

On March 1, 1948 the defendant propounded interrogatories to the plaintiff and one of these (No. 2) required information concerning the allegation of the complaint that the subject matter of the defendant's patents "was in public use and/or sale in this country more than two years prior to the date of filing of said application," and referring to the patents and publications set out by the plaintiff in paragraph 11 of the complaint. Interrogatory No. 3 required information as to the prior use by the plaintiff and others. The plaintiff did not answer these two interrogatories, stating that as presently advised the plaintiff did not intend to prove at the trial any specific public use or sale of the matter described in the patents and publications listed in paragraph 11 of the complaint or any prior use or sale of its own as set out in such paragraph. The plaintiff stated that if at a later time it was decided to rely upon the specific public use, as set out in paragraph 11, it would, by a supplementary answer to interrogatories No. 2 and 3, give such information. Thus the matter stands.

The plaintiff insists that the subject matter of the present interrogatories is relevant and material and should be furnished. I am of the opinion that the subject matter is material or reasonably calculated to lead to the discovery of admissible evidence. Clearly there is presented the issue of the validity of the defendant's patents. The defendants aver that they will contend that patent "Neely 377" is entitled to the benefit of an earlier application, and that the application upon which patent "Neely 377" was granted was a continuation in part of such earlier application. The dates of invention are clearly relevant.

This then brings us to the question as to whether the defendant should be required to answer the interrogatories propounded to it by the plaintiff in the absence of the plaintiff's answer to the interrogatories propounded by the defendant and under what circumstances.

The plaintiff alleges the invalidity of the defendant's patents. To show this invalidity it insists upon a prior invention by

others. This prior invention, to be valid, must include a reduction to practice. The plaintiff sets forth its claimed instances of prior invention. The interrogatories Nos. 2 and 3 of the plaintiff directed to the defendant inquire of the defendant of its first use as a reduction to practice. This normally it is entitled to have.

The interrogatories of the defendant directed to the plaintiff, on the other hand, do not relate to the use of the plaintiff's alleged patent as a reduction to practice, but inquire solely as to any alleged public use and/or sale and refer to the patents and publications listed by the plaintiff in paragraph 11 of the complaint. The plaintiff, answering, states that it does not now rely upon any instance of prior public use or sale and that if later reliance is made thereon such information will be given.

It seems, then, that the two sets of interrogatories are not directed at all to the same subject matter and that the answer of one set of interrogatories is not dependent upon the answer to the other. The one set refers to the use by defendant as a "reduction to practice," and the other refers solely to a public use by others of a patentable idea as preventing the patentable feature of the idea by defendant.

I am of the opinion that the defendant should answer interrogatories Nos. 2 and 3 directed to it by the plaintiff on April 8, 1949.

It is obvious that I am not passing upon any matter involving the answering of two sets of cross interrogatories involving the same information and as to whether these answers should be contemporaneous or otherwise. I am not now passing upon the question determined in Babcock & Wilcox Co. v. North Carolina Pulp Co., D.C.Del. 1938, 25 F.Supp. 596, or other cases set out in the briefs.

Group B consists of Interrogatories 4 to 9, inclusive.

 Generally these interrogatories require the names of persons who have been granted a license or licenses under the patents, the names of such persons authorized to grant sub-licenses, and the names of persons obtaining such sub-licenses. Where licenses or sub-licenses have been obtained, information is desired as to whether such licenses are full or limited in character. Information is also desired as to royalties paid by licensees and as to whether all royalties are the same and whether a licensee shares in the royalties of sub-licenses and to what extent. The defendant contends generally that the information sought to be obtained is not relevant to any matter involved in this action. The plaintiff contends the information is relevant in connection with the commercial success of defendant's patents and, while the testimony may not now be shown to be admissible in evidence, yet, under the rule, the interrogatories are unobjectionable if reasonably calculated to lead to the discovery of admissible evidence. The objection to these interrogatories must be overruled.

Group C consists of interrogatories 12, 14, 15 and 16.

These interrogatories will not be separately considered. They fall within the same category and are subject to the objection that they merely call for the contentions, opinions and conclusions based upon examination and/or comparison of specified documents. Under repeated rulings of this court such interrogatories need not be answered and the objections thereto are sustained.