**DUGAN v. SPERRY GYROSCOPE CO., Inc.**

No. 1406.

District Court, E. D. New York.

Dec. 9, 1940.

John V. Lizars, of New York City, for plaintiff.

Stephen H. Philbin, of New York City, for defendant.

CAMPBELL, District Judge.

This is a motion for an order that defendant is not required to answer Plaintiff's Interrogatories Nos. 2, 3, 4, 5 and 6 propounded under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the attorneys for the parties having agreed among themselves that Interrogatories Nos. 1, 7 and 8 are to be answered and that Nos. 9, 10, 11, 12, 13 and 14 are to be withdrawn.

Undoubtedly the new rules have made changes and patent causes should yield as far as possible to the objectives of the simplified procedure provided for by the Federal Rules of Civil Procedure, but we must not fail to give full effect to practical considerations.

As to Interrogatory No. 2.

It will be sufficient for defendant to state in what respect the patent in suit is inoperative and incapable of accomplishing any new and useful result.

To require an answer to the remainder of that interrogatory before plaintiff has shown what is its construction of the patent is not practical.

As to Interrogatory No. 3.

It should be answered.

As to Interrogatory No. 4.

This need not be answered.

To require an answer to that interrogatory before plaintiff has shown what he claims as his invention or discovery is not practical.

As to Interrogatory No. 5.

It should be answered.

As to Interrogatory No. 6.

According to my understanding, file wrapper estoppels can be based only on the acceptance or the rejection of claims and the allowance of amended narrowed claims, and it will be sufficient for defendant to point out the broader claims rejected and the narrower claims allowed by amendment.

This opinion may be somewhat more liberal than former opinions of mine, but I feel that it was the intent of the Federal Rules of Civil Procedure to simplify and make plainer the grounds of defenses of the character introduced in the action at bar. While interrogatories may not require comparison and expressions of opinions there is a clear distinction between requiring a defendant to give an opinion and requiring it to point out in particular to what defect or act the defense is directed.