## HERCULES POWDER CO. v. ROHM & HAAS CO.
### Civ. No. 301.

District Court, D. Delaware.

Feb. 9, 1944.

See, also, 3 F.R.D. (44).

Robert H. Richards (of Richards, Layton & Finger), of Wilmington, Del., and Theodore S. Kenyon and E. F. Baumgartner (of Kenyon & Kenyon), both of New York City, for plaintiff.

Arthur G. Connolly and William S. Potter (of Southerland, Berl & Potter), both of Wilmington, Del., for defendant.

LEAHY, District Judge.

This is an action for a declaratory judgment of invalidity and non-infringement of defendant's patent No. 1,808,893, coupled with a charge of violation of the Anti-Trust Laws, 15 U.S.C.A. § 1 et seq. Defendant has counterclaimed for infringement of its patent and, also, its trade-mark No. 251,904.

Defendant put twenty-eight interrogatories. Plaintiff answered ten and filed a statement of counsel in answer to ten more, but objected to the eight remaining interrogatories. Defendant countered by objecting to the ten interrogatories answered by counsel. I dispose of the latter objection by concluding that these interrogatories do not call for matters of ultimate fact but rather a statement of counsel concerning the conduct of the trial and certain matters which will be relied on at that time. The statement already given is ample.

Before treating plaintiff's objection to each of the eight remaining interrogatories, I refer to several statements on the scope of interrogatories. Several cases illuminate this question clearly. Judge McVicar concluded: "That the party interrogated need only answer matters of fact within his knowledge and that he is not required to express opinions; also, that he is not required to make research and compilation of data and information not readily known to him."[1] Judge Darr: "I think that discovery should be confined to bare facts and not to any elaboration of explanation or comparison."[2] Judge Chesnut: "Despite the wide latitude of subject

[1] Chemical Foundation, Inc., v. Universal-Cyclops Steel Corp., D.C., 1 F.R.D. 533, 536.

[2] Boysell Co. v. Colonial Coverlet Co., Inc., D.C., 29 F.Supp. 122, 124.

matter now permissibly embraced within the scope of interrogatories under rule 33, there are necessarily some implied and inherent limitations affecting proper practice regarding them. * * * the necessary inference would seem to be that the party interrogated need only answer matters of fact within his knowledge, and this would seem to exclude the propriety of interrogatories which merely seek to elicit opinions, or which require research and compilation of data and information not readily known to the party interrogated * * *. Where the objections are sustained the ground therefor is either because, so far as I can see at this stage of the case, the questions are irrelevant or unnecessarily burdensome upon the plaintiff in requiring investigation or research or compilation of data or statistics, which more properly is the province of counsel for the defendant."[3]

Interrogatory 1(e). It states: "Supply copies of plaintiff's United States patent applications, including subsequent proceedings therein, pertaining to such toxic agents, and insecticides containing the same." Plaintiff has already told which of its patents cover the toxic agent which defendant charges is an infringement of the claims of defendant's patent in suit. Defendant's call for further answer is irrelevant and calls for either opinion or plaintiff's construction of its applications. Plaintiff's patent and applications are not in issue. Their contents have no relevance to the validity or infringement of defendant's patent. Objection to this interrogatory sustained.

Interrogatories 4(b) to (f). They read:

"(b) Specifically state wherein the claims are broader than and do not particularly point out or distinctly claim the alleged invention, as averred in paragraph 8(c).

"(c) Identify each compound, including its structural formula, which is inoperative or incapable of accomplishing any new or useful result, as averred in paragraph 8(c).

"(d) Describe in detail the tests to which plaintiff or others on its behalf subjected each compound referred to in Sub-Interrogatory 4(c) in order to determine that it was inoperative or incapable of accomplishing any new or useful result.

"(e) Specifically state wherein the claims in issue are not supported by a suffi-

cient disclosure as averred in paragraph 8(d).

"(f) Specifically state wherein the description or specification was made to contain less than the whole truth relative to the invention in issue or more than is necessary to produce the desired result, as averred in paragraph 8(e)."

The questions proposed by 4(b), 4(e) and 4(f) ask for construction of claims. A construction of a claim is nothing more than an opinion. An interrogatory is aimed to elicit a fact. Babcock & Wilcox Co. v. North Carolina Pulp Co., D.C.Del., 25 F.Supp. 596, 598. See, too, Chandler v. Cutler-Hammer, Inc., D.C., 31 F.Supp. 453; Blanc v. Smith, D.C., 3 F.R. D. 182. Moreover, Interrogatories 4(c) and 4(d) in referring to "each compound" seek to have plaintiff make research and compilation of data which defendant may equally make for itself. In effect, the questions have a tendency to peek into plaintiff's preparation for trial. A defendant is not entitled to information as to discoveries or results made by a plaintiff in its preparation for trial. Byers Theatres, Inc., v. Murphy, D.C., 1 F.R.D. 286; McCarthy v. Palmer, D.C., 29 F.Supp. 585. Objection to these interrogatories sustained.

Interrogatories 6(a) and 6(b). These read:

"(a) What is the distinction between 'toxic agent' and 'insecticide'?

"(b) Identify each patent or publication which plaintiff will rely upon to support a distinction between 'toxic agent' and 'insecticide'." Plaintiff argues that these interrogatories call for the meaning of terms found in the patent and are nothing more than requests for construction. However, all of Interrogatory No. 6 is evidently based on paragraph 16 of the complaint which charges violation of the Anti-Trust Laws. After reading this portion of the complaint, I am unable to understand the distinction which plaintiff is attempting to create between the terms "insecticide" and "toxic agents". The meaning of these terms will be important at the trial; and there can be no prejudice in requiring plaintiff to give this particular information. E. I. Du Pont De Nemours & Co. v. Byrnes, D.C., 1 F.R.D. 34. The objections are overruled.

An order may be submitted.

---

[3] Coca-Cola Co. v. Dixi-Cola Laboratories, D.C., 30 F.Supp. 275, 278, 279.