## GENERAL MOTORS CORPORATION v. CALIFORNIA RESEARCH CORPORATION.

### Civ. A. No. 1061.

United States District Court
D. Delaware.

Dec. 29, 1948.

Hugh M. Morris (of Morris, Steel, Nichols & Arsht), of Wilmington, Del. (Drury W. Cooper and John N. Cooper [of Cooper, Byrne, Dunham, Keith & Dearborn], both of New York City, of counsel), for plaintiff.

Thomas Cooch (of Marvel & Morford), of Wilmington, Del. (Leonard S. Lyon and Lewis E. Lyon [of Lyon & Lyon], both of Los Angeles, Cal., of counsel), for defendant.

RODNEY, District Judge.

This is a declaratory judgment suit brought against a patentee in which is sought a judgment of invalidity of two patents owned by the defendant and a declaration of non-infringement thereof by the plaintiff.

The defendant, under Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A., served some ten interrogatories, four of which were answered, and this case concerns objections to interrogatories No. 4, 5, 6, 7, 9 and 10.

The interrogatories and objections thereto may roughly fall into three groups. The first group would embrace interrogatories No. 4, 5, and 7. Group two would consist of interrogatory No. 9, and group three, of interrogatories No. 6 and 10. These groups will be considered in order.

Group 1. Interrogatory No. 4 is directed to paragraph 12 of the complaint. Paragraph 12 avers "on information and belief" that, in view of the knowledge of the art at the time of the applications, the patents required no invention and disclose no patentable novelty. Interrogatory No. 4 requires the name of any officer or employee who has the information and belief set out in paragraph 12.

Interrogatory No. 5 is directed to paragraph 13 of the complaint. Paragraph 13 avers "on information and belief" that the numbered patents do not describe the alleged invention in such exact terms as would allow one. skilled in the art to make use of them and, therefore, the patents are invalid. Interrogatory No. 5 requires the names of the officers or employees who have the information and belief set out in paragraph 13.

Interrogatory No. 7 is directed to paragraph 14 of the complaint. Paragraph 14 avers "on information and belief" that, by

reason of the proceedings had or taken in the Patent Office with respect to the application for the numbered patents, the patentees are estopped to assert for said patents a construction that would cause the patents to include or cover any acts of the plaintiff. Interrogatory No. 7 requires the name of any officer or employee of plaintiff who has the information and belief set out in paragraph 14.

It is a little difficult to understand the exact scope of these three interrogatories falling within this group. Paragraphs of the complaint have been averred on "information and belief." These interrogatories all ask the names of officers or employees of the corporate plaintiff who had such "information and belief." It may be that the interrogatories merely ask the names of the persons having the information or belief necessary to make the averment in the complaint. The names of these persons seem quite immaterial.

In a pleading by a corporation the averments are seldom such as may be directly within the absolute knowledge of the person filing the pleading. Pleadings by a corporation on information and belief have been approved. National Millwork Corporation v. Preferred Mut. Fire Ins. Co., D.C. E.D.N.Y., 28 F.Supp 952.

If the interrogatory goes further than to obtain the name of the person having sufficient information and belief to file the complaint and seeks the names of persons having information and belief to be produced in the trial of the case, then different questions become involved.

In McNamara v. Erschen, D.C. Del., 8 F.R.D. 427, this court considered certain questions as to interrogatories. It was there substantially held that a party is entitled to information of relevant facts within the knowledge of his adversary and of the names of persons who have knowledge of such facts, but is not entitled to the names of the witnesses by whom these facts will be subsequently proven. The McNamara case involved an automobile collision and the facts were substantive facts connected with the accident. The present case concerns averments of the complaint on information and belief, and the names of the persons are sought who have such information and belief. The defendant disavows any intent to require the opinions of the persons, but insists it is entitled to the basic facts upon which the opinions are founded. The averments of the complaint stated on information and belief are not of substantive independent facts, but of resultant facts formed by an opinion operating on given material. Essentially, the interrogatories ask the names of persons who, having received certain information, are now of the opinion that the specified averments of the complaint are true. If the interrogatories do not require the opinion of the persons, then they do require the names of persons merely holding opinions or beliefs as to the truth of averments. If the interrogatories merely ask the names of the corporate officers or employees holding certain opinions or beliefs, then such interrogatories clearly lack relevancy. The opinions are clearly not admissible in evidence, but such admissibility is not the test. The test in this case is whether the names of corporate officers or employees holding certain opinions would be reasonably calculated to lead to the discovery of admissible evidence.[1] I think the names of persons holding certain opinions or beliefs could have no such effect.

These opinions may be held by various persons and based upon varying degrees of information with accent on different particulars of fact. I do not think that a resultant conclusion involving mental process or opinion is requirable under the rules, nor the names of persons holding such opinions. That interrogatories requiring expressions of opinion are objectionable has been heretofore held by this court. United States v. Columbia Steel Co., D.C., 7 F.R.D. 183, 185; Hercules Powder Co. v. Rohm & Haas Co., D.C., 3 F.R.D. 328. See also Snyder v. Atchison, T. & S. F. Ry. Co., D.C.Mo., 7 F.R.D. 738. I am of the opinion that the objections to interrogatories No. 4, 5, and 7 should be sustained.

Group 2. This group consists of interrogatory No. 9 and is quite similar to Group 1 and differs from it in one respect. The

---

[1] Rules 26(b) and 33, Federal Rules of Civil Procedure.

interrogatories in Group 1 were directed to paragraphs of the complaint based upon "information and belief" and required the names of officers or employees having such "information or belief." Interrogatory No. 9 is directed to paragraph 16 of the complaint. This paragraph avers generally that in the prosecution of the applications for the designated patents the applications were unlawfully expanded and were made to cover and include subject matters which were not the inventions of the purported inventors.

Interrogatory No. 9 requires the names of the officers or employees who had any knowledge that the applications were so expanded.

Interrogatory No. 9 is subject to the same taint as those interrogatories embraced in Group 1, and the objection thereto must be sustained.

Group 3. This group embraces interrogatories 6 and 10.

Interrogatory No. 6 is directed to paragraph 13 of the complaint. Paragraph 13, as we have seen, avers that the numbered patents do not describe the alleged invention in such exact terms as would allow one skilled in the art to make use of the patents. Interrogatory No. 6 requires the plaintiff to specify in detail wherein the patents fail to describe the inventions as required by law.

Interrogatory No. 10 is directed to paragraph 16 of the complaint. Paragraph 16, as we have seen, avers that in the prosecution of the applications for the numbered patents the applications were unlawfully expanded and were made to cover and include subject matters which were not the inventions of the purported inventors. Interrogatory No. 10 requires the plaintiff to specify in detail wherein the patents were so unlawfully expanded.

■ These interrogatories have much in common. Both interrogatories require the expression of an opinion of a matter of law. Both interrogatories are governed by the ruling of this court in Hercules Powder Co. v. Rohm & Haas, D.C. Del., 3 F.R.D. 328, 330. In the cited case the interrogatories required the plaintiff to (b) "Specifically state wherein the claims are broader than and do not particularly point out or distinctly claim the alleged invention, as averred in paragraph 8(c)." and also (e) "Specifically state wherein the claims in issue are not supported by a sufficient disclosure as averred in paragraph 8(d)." The court, by Judge Leahy, tersely said, "The questions proposed * * * ask for construction of claims. A construction of a claim is nothing more than an opinion."

The present interrogatories plainly fall within the cited case and the objections thereto must be sustained.