Abraham GELLMAN & Abe Gellman Co., Inc., Plaintiffs,

v.

Frank FRIEDMAN, Sheldon Friedman, and Raymond Friedman, co-partners doing business under the firm name and style of Frank Friedman & Sons, Defendants.

United States District Court
S. D. New York.

Aug. 3, 1956.

Henry L. Burkitt, New York City, for plaintiffs.

Armand L. Lackenbach, New York City, for defendants.

LEVET, District Judge.

Plaintiffs have moved for an order striking out certain answers by defendants to written interrogatories which plaintiffs have served upon them on the ground that such answers are not in compliance with Rules 33 and 34 of the Federal Rules of Civil Procedure, 28 U.S. C.A.

Defendants oppose the motion primarily on the ground that this is a suit involving an alleged patent infringement and that the plaintiffs are protected from surprise at the trial by reason of the thirty-days notice requirement in Section 282 of Title 35 U.S.C.A. which provides:

"In actions involving the validity or infringement of a patent the party asserting invalidity or noninfringement shall give notice in the pleadings or otherwise in writing to the adverse party at least thirty days before the trial, of the country, number, date, and name of the patentee of any patent, the title, date, and page numbers of any publication to be relied upon as anticipation of the patent in suit or, except in actions in the United States Court of Claims, as showing the state of the art, and the name and address of any person who may be relied upon as the prior inventor or as having prior knowledge of or as having previously used or offered for sale the invention of the patent in suit. In the absence of such notice proof of the said matters may not be made at the trial except on such terms as the court requires."

In their answer, defendants have alleged the following affirmative defenses: (a) That the patentee was not the first original and sole inventor; (b) That patentee's alleged invention was described and published more than one year prior to the date of this application; (c) That there is no invention in view of the state of the art; (d) That the invention was invented prior to the invention by patentee; (e) That the invention was on public use and sale more than one year prior to the date of application; (f) In view of the prior art the Patent Office improperly issued patent; (g) That the inventor did not show what was new over the prior art; (h) That the specifications and claims did not meet statutory requirements.

■ Having pleaded the aforementioned matters as affirmative defenses to plaintiffs' suit, defendants should be required to comply with the liberal pretrial discovery procedure which is allowed under the Federal Rules. RCA Mfg. Co. Inc. v. Decca Records, Inc., D.C. S.D.N.Y., 1940, 1 F.R.D. 433.

■ The thirty-days notice requirement prescribed by Section 282 of Title 35 U.S.C.A. is designed to give a complainant or patentee notice of what he is to meet at the trial where the specific defenses have not been set forth in the answer. Electric Storage Battery Co. v. Philadelphia Storage Battery Co., D.C., 211 F. 154. However, the requirement of notice is complied with if such defenses are set forth in the answer. Thus, "if the defence is previous invention, knowledge, or use of the thing patented, the respondent must state in the notice the names of the patentees, and the dates of their patents and when granted, and the names and residences of the persons alleged to have invented or to have had the prior knowledge of the thing patented, and where and by whom it had been used." Bates v. Coe, 98 U.S. 31, 33, 25 L.Ed. 68.

■ Since the answer in the case at bar does set forth the affirmative defenses upon which defendants rely, the thirty-days notice requirement with respect to these matters does not apply. Therefore, the sole question is whether the answers to the written interrogatories are sufficient in the light of the Federal Rules.

■ It is the opinion of this Court that the answers to the following interrogatories relating to the affirmative defenses are incomplete and inadequate

in order to inform plaintiffs of the basis for defendants' contentions:

Interrogatories IV(A) and (B); VI(A), (D), (E) and (F); IX, X, XI, XII, XIV, XVI, XVII, XVIII, XIX, XX(A) and (B), XXI, XXII, XXIV, XXV(A. & B.) and (C).

Accordingly, the answers to the aforementioned interrogatories are stricken and defendants are directed to serve particularized answers within sixty days from the entry of this order.

So ordered.