**LIQUIDOMETER CORPORATION,**
Plaintiff,

v.

**CAPITAL AIRLINES, INC., Defendant.**

Civ. A. No. 1756.

United States District Court
D. Delaware.

April 14, 1959.

Caleb S. Layton (Richards, Layton & Finger), Wilmington, Del., John N. Cooper, New York City, for plaintiff.

Richard F. Corroon, Henry R. Horsey (Berl, Potter & Anderson), Wilmington, Del., Howard J. Churchill, New York City, for defendant.

RODNEY, District Judge.

This case concerns objections to interrogatories. It is based upon the patent laws of the United States and alleges infringement of Reissue Patent No. 23,493 held by plaintiff.

The complaint was filed October 13, 1955 and the answer on February 3, 1956. The answer alleged the invalidity of the original Patent No. 2,581,085 and its Reissue No. 23,493 and assigned the reasons for the invalidity in ten separate paragraphs.

After the filing of the answer on February 3, 1956, no steps were taken in the case until June, 1957 when plaintiff issued three subpoenas duces tecum which have not been utilized at any hearing and defendant took one deposition. No further discovery has been had.

Since the indicated dates no steps were taken in the case until September 19, 1958, when plaintiff filed thirty-seven interrogatories, two of which have been withdrawn. The defendant answered

twenty interrogatories and objected to fifteen, which are now considered.

The interrogatories may be grouped in several categories. Thus, Interrogatories 1, 2, 3 and 4 will be treated together.

Interrogatory No. 1 is selected as an example within this category and provides as follows:

"With respect to the allegations of Paragraphs 7, 8, 9, 10 and 11 of the defendant's answer and with respect to the matters set forth in the letter dated August 31, 1956 from counsel for defendant to counsel for plaintiff, specify as to each of the aforesaid claims of the patent in suit each patent and printed publication that will be relied upon by the defendant at the trial as asserted proof of (a) lack of novelty and (b) lack of invention in improvements described and claimed in said aforesaid claims."

Paragraph No. 7 of the answer, as an example, alleged that long prior to the issuance of the patents in suit, the alleged invention and every material and substantive part thereof had been patented and described in eleven specified and mentioned patents (being nine United States Patents, one French and one English Patent) "as well as other patents as to which the defendant shall give plaintiff notice under 35 U.S.C. Sec. 282."

It will be observed that each interrogatory in this category requires the defendant to state specifically at this time every item inquired about "which *will be relied upon by the defendant at the trial.*" There will thus be brought into some conflict the general discovery proceedings by interrogatories under the Federal Rules of Civil Procedure and the specific statutory provisions, if any, relating to the notice required in patent causes and this will demand some consideration of the prior law.

From July 8, 1870 [1] and until the adoption of the Federal Rules of Civil Procedure on September 16, 1938, 28 U.S.C., there was in existence a Statute sometimes known as 35 U.S.C. § 69 or as R.S. § 4920.[2] This Statute allowed a defendant in an infringement suit to plead his defenses specially or, at his option, to plead the general issue and, after giving the notice hereinafter mentioned, to prove at the trial certain indicated defenses.[3]

The notice required by the Statute to be given thirty days before trial provided:

"And in notices as to proof of previous invention, knowledge, or use of the thing patented, the defendant shall state the names of the patentees and the dates of their patents, and when granted, and the names and residences of the persons alleged to have invented or to have had the prior knowledge of the thing patented, and where and by whom it had been used."

On September 16, 1938, the Federal Rules of Civil Procedure became effective as applicable to all civil actions and such Rules were held applicable to patent causes. The Rules governing discovery were considered as superseding 35 U.S.C. § 69.[4]

---

1. 16 Stat. 208 not considering two immaterial amendments.

2. For convenience this may be found at the end of Title 35 U.S.C.A. and at page 835.

3. 3 Walker on Patents (Deller's Ed.) Sec. 659, p. 1966; 3 Robinson on Patents, Sec. 992.

4. Municipal Street Sign Co. Inc. v. City Street Sign Corp., D.C., 30 F.Supp. 795, 799; Dugan v. Sperry Gyroscope Co., D.C., 35 F.Supp. 902; Smith v. Thompson, D.C., 43 F.Supp. 848; 1 Moore Fed. Pr. (1st Ed.) 73; 1 Barron and Holtzoff Fed.Pr., Sec. 251; 3 Cyc.Fed.Pro., Sec. 8.21.
   See, however, Nakken Patents Corporation v. Rabinowitz, D.C.1940, 1 F.R.D. 90, where both the Statute and the Rules were referred to.

On July 19, 1952 (effective January 1, 1953) Congress repealed the provisions of the then Title 35 and re-enacted the patent laws and we are concerned with 35 U.S.C. § 282. Section 69 of the older law, which had been held to be superseded by the Federal Rules of Civil Procedure, was re-enacted with some modification. The Revisers' notes say as to the purposes of the Statute "The five defenses named in R.S. 4920 [old 35 U.S.C. § 69] are omitted and replaced by a broader paragraph specifying defenses in general terms."

The Revisers also say

"The third paragraph, relating to notice of prior patents, publications and uses, is based on part of the last paragraph of R.S. 4920 [old 35 U.S.C. § 69] which was superseded by the Federal Rules of Civil Procedure but which is reinstated with modification." [5]

We thus see that Congress and the Revisers knew that the old Section 69 had been considered as superseded by the Federal Rules and then re-enacted as 35 U.S.C. § 282 the substance of the former Act and this re-enactment is the last word of Congress. We must then consider the effect of the re-enactment and its impact on the applicable Rules, viz., whether the re-enactment of the Statute had any effect as superseding the Rules as the Rules had superseded the former Statute, or whether the two can exist together.

The Statute provides:

"The following shall be defenses in any action involving the validity or infringement of a patent and shall be pleaded" and then follows substantially all defenses available.

It would seem that the statutory requirement that the defenses must be "pleaded" substantially prevented the pleading of the general issue as theretofore allowable and compelled the special pleading. The provision as to the notice given by the defendant to the plaintiff regarding the items to be relied upon by the defendant in defense of the infringement was much amplified and made more specific. Such provision is:

"In actions involving the validity or infringement of a patent the party asserting invalidity or non-infringement shall give notice in the pleadings or otherwise in writing to the adverse party at least thirty days before the trial, of the country, number, date, and the name of the patentee of any patent, the title, date, and page numbers of any publication to be relied upon as anticipation of the patent in suit or, * * * as showing the state of the art, and the name and address of any person who may be relied upon as the prior inventor or as having prior knowledge of or as having previously used or offered for sale the invention of the patent in suit. In the absence of such notice proof of the said matters may not be made at the trial except on such terms as the court requires."

Had it not been held by such eminent authority that the Federal Rules of Civil Procedure superseded the former provisions of the Statute, I should have been tempted to doubt such result. The Rules, and especially those relating to interrogatories, provide a means for a party, (the plaintiff in this case), to obtain information and is a direct action of the plaintiff. The, so-called, invalidating notice provided by the Statute is a requirement placed upon the defendant and is required unless the stipulated information has been given in the pleadings or otherwise in writing.

The thirty day notice required by Section 282 operates in the nature of a "dead line" for the defendant to give information as to certain defenses where the specific and detailed information had not been given in the pleadings or "otherwise

---

5. See also Legislative History U.S.Code Cong. and Adm.News, 1952, pages 2402 and 2422.

in writing" which, I assume, would include answers to interrogatories.

■ I am of the opinion that the re-enactment of the old Section 69 with modification as 35 U.S.C. § 282 does not have the effect of superseding the impact of the Rules but that both can exist as representing the actions of the respective parties. The plaintiff, as here, may inquire by interrogatories as to the details of the defenses and the defendant must give such answer as is then available reserving the right to supplement such information as subsequent investigation or discovery process may disclose.

The application of the Federal Rules of Civil Procedure to patent cases necessarily involved some modification of prior procedure and in such cases, as said in Dugan v. Sperry Gyroscope Co., D.C., 35 F.Supp. 902, 903, "We must not fail to give full effect to practical considerations."

In an infringement case the defendant as a matter of right, as distinguished from an act of grace over which he has no control, has 20 days to answer the complaint and, by the Statute, he must plead his defenses specially. Interrogatories as to details of the defense may immediately be filed and the defendant must, under the Rules, answer these interrogatories within 15 days. It is common knowledge in patent litigation that within the spaces of time prescribed for answer to the complaint and answer to interrogatories and without prior investigation or discovery full details of claimed prior or invalidating patents or publications, prior knowledge and public use, can seldom, if ever, be fully given. More time may be required by discovery process or investigation to completely determine the facts to be developed at the trial and more than one disclosure may be required in answer to the interrogatories. Just as the time provided by the Rules for a defendant to answer may be insuffi-

cient so the 30 days notice prescribed by the Statute may be insufficient for the plaintiff to investigate the details of defense. Both the Rules and the Statute play their parts.

The only case having a bearing on the present question which has been called to my attention is Gellman v. Friedman, D.C., 143 F.Supp. 383. With the apparent result of the case, I agree but not entirely as to its reasoning. In the cited case the defendant pleaded affirmative defenses as, by the Statute he was bound to do, but did so in general terms. The Court held that because the defendant had specially pleaded the defenses in the answer the thirty day provision of the Statute had no application. With deference I would suggest that the Statute expressly required the defenses to be pleaded and, since the pleadings were not sufficiently specific, the notice prescribed by the Statute still had application in an appropriate case.

■ I am of the opinion that Interrogatories 1, 2, 3 and 4 should be answered as fully as may now be done reserving to the defendant the right to amend the answer to include within the terms of the Statute any other information not now available and which may be later discovered.

Interrogatories 5, 6, 7 and 8 have been grouped in one category. These interrogatories collectively, and the argument thereon, seem to point out the distinction between the use of interrogatories to require a mere opinion of a party not necessarily connected with the specific matter of defense on the one hand, and on the other, the use of interrogatories to clarify the issue and ascertain the precise matter of defense of that party. The matter is here considered because of the supposed pertinency of two former opinions of this Court.[6]

■■ It seems fundamental that in a patent case one party should not be re-

---

6. Hercules Powder Co. v. Rohm & Haas Co., D.C., 3 F.R.D. 328; General Motors Corp. v. California Research Corp., D.C., 8 F.R.D. 568.

quired to generally construe an opponent's patent or to give a general opinion upon its terms where such opinion is not clearly set out as a matter of defense. It is equally fundamental that in a "concise" pleading required by Rule 8(e), F.R.Civ.P., the precise defense need not be elaborated. This elaboration of defense or clarification of the direct issue is the very purpose of discovery process and of interrogatories and of pretrial proceedings. The answer must be concise and the ascertainment of the precise issues prior to trial is the function of counsel and the duty of the Court.

■ A great many cases, and perhaps a majority, hold that opinions and conclusions may not be inquired of by interrogatories.[7] This is largely based on the view that interrogatories may only seek "facts" and opinions are not so classified. There is, however, a valid and recognized distinction between requiring a defendant to state an opinion and requiring him to point out directly the matter to which the defense is directed. The latter is a basic purpose of the Rule.[8] So this Court, as presently constituted, in United States v. Columbia Steel Co., D.C., 7 F.R.D. 183, 185, said:

"Of course, any holding that a party cannot be interrogated as to its contentions is subject, as to extent, to the basic purpose of simplification of issues. Thus in patent cases a plaintiff may be asked what claims of a patent he contends have been infringed or a defendant may be asked to specify in what respect applicable statutes or rules have not been complied with."

In the cases cited in the footnote and here relied upon by the defendant,[9] the construction of the claims of the patent and of the opinion held concerning them did not directly refer to any defense relied upon by the party. Admittedly, the distinction between mere opinion or conclusion unconnected with a defense at a trial and a defense affirmatively raised may, at times, become shadowy and merge closely toward each other. I have here no such problem for the interrogatories in this case clearly apply exclusively to the issues to be tried and the reliance on certain defenses by the defendant.

■ Interrogatory No. 5 is based upon paragraphs 12 and 15 of the answer. Paragraph 12 states that the claims of Patent Reissue No. 23,493 are vague, indefinite and ambiguous. Paragraph 14 states that the claims are broader than the disclosure of the invention. Interrogatory No. 5 simply asks the defendant to state in what respect the defendant will contend at the trial that the claims are vague, indefinite and ambiguous and in what respect the claims fail to describe the invention as required by law. This interrogatory requires information as to the exact issue to be tried and embodies the request for the same information which would be clearly defined in pretrial proceedings. I think the interrogatory must be answered.

■ Interrogatory No. 6 is to a large extent similar to Interrogatory No. 5. It is based upon Paragraph 13 of the answer which states that the plaintiff by reason of certain proceedings in the Patent Office is estopped from maintaining the claims of the patent in such scope as to embrace the apparatus of the defendant. Interrogatory No. 6 simply asks the defendant to identify the proceedings in the Patent Office which the defendant at the trial will contend constitutes such estoppel. This surely is information which directly points to the issue and is

7. 4 Moore's Fed.Pr., pages 2303 et seq.; 7 Cyc.Fed.Proc. Sec. 25.445–448.

8. Dugan v. Sperry Gyroscope Co., D.C., 35 F.Supp. 902; Tinker & Rasor v. Pipeline Inspection Co. Inc., D.C., 16 F.R.D. 465; 2 Barron & Holtzoff Fed.Pr. & Proc., § 768, page 442.

9. Hercules Powder Co. v. Rohm & Haas Co., D.C., 3 F.R.D. 328; General Motors Corp. v. California Research Corp., D.C., 8 F.R.D. 568.

required by some means, pretrial or otherwise. I think the interrogatory should be answered.

 Interrogatory No. 7 is entirely similar to the preceding. It is based on Paragraph 14 of the answer which states that the claims of the patent are broader than disclosures of the patent and have no basis in the specification. Interrogatory No. 7 simply asks the defendant to state in what respect the defendant will contend at the trial that the claims are broader than the disclosure. Again the interrogatory seeks merely to pinpoint the issue as to the broadness of the claims and I think the issue on this point should be clarified and the interrogatory answered.

 Interrogatory No. 8 differs from Interrogatories 5, 6 and 7. It is based on Paragraph 16 of the answer which alleges that the invention is devoid of novelty or utility. Interrogatory No. 8 inquires in what respect the invention is devoid of utility. This interrogatory, I think, need not be answered, if, indeed, it could be answered. The affirmative of utility is a fact which may be met by the opponent but the negative of utility cannot be shown without some indication of the claim of utility. It seems to me impossible to deny almost the whole gamut of utility only to find that the claim of utility was other than that denied. To be devoid of utility implies an entire lack of utility and this entirety may not be itemized. This interrogatory, I think, need not be answered.

 Interrogatories 15, 25, 28 and 33 are grouped together and the stated objection is that they are vague and uncertain. The plaintiff insists that they are entirely plain. The objection on the stated ground is overruled and such answers as can be explicitly given will be made. Any qualifying or restrictive answers as may be necessary because of any uncertainty in the meaning of the interrogatory or from other causes will be considered on objections to the answers, if any.

 An objection not stated on the original list of objections but suggested at the argument is that the interrogatories call for a construction of the patent in question. This objection is based upon the fact that the plaintiff in inquiring about the structure of the defendant has used language taken from or similar to the claims of the instant patent. The authorities generally sustain the view that the defendant may not be called upon to construe the plaintiff's patent. The plaintiff, however, by certain language in his patent claim has not exhausted his use of that particular language and should not, in inquiring as to the structure of the defendant, be forced to paraphrase and find verbal equivalents for the answer of things he desires to know. The objection to interrogatories 15, 25, 28 and 33 are overruled.

The objections to Interrogatories 9 and 11 are sustained and the objection to Interrogatory No. 37 is overruled.

An appropriate order may be submitted.