FISCHER & PORTER COMPANY,
Plaintiff,

v.

The SHEFFIELD CORPORATION,
Defendant.

Civ. A. No. 2105.

United States District Court
D. Delaware.

Nov. 27, 1962.

H. James Conaway, Jr., Wilmington, Del. (Morford, Young & Conaway, Wilmington, Del.), Leonard L. Kalish, Philadelphia, Pa., for plaintiff.

Alexander L. Nichols, Wilmington, Del. (Morris, Nichols, Arsht & Tunnell, Wilmington, Del.), John W. Logan, Jr. (Howson & Howson, Philadelphia, Pa.), and Otis P. Pearsall, New York City (Hughes, Hubbard, Blair & Reed, New York City), for defendant.

LEAHY, Senior District Judge.

This is a declaratory judgment action brought by plaintiff praying that certain of defendant's patents be declared invalid and not infringed by plaintiff. Defendant answered and counterclaimed that plaintiff is infringing defendant's 2,370,219; 2,403,897; and 2,593,957.

The parties have been engaged in pretrial discovery. The present matter arises on six pending motions.

Four critical issues are presented by the case at bar—i. e., validity, infringement, misuse of patents, and alleged violations of the anti-trust laws. The two latter issues are different from the issues of validity and infringement. The documentary proof and oral testimony will also be different. The consideration of all these divergent issues at one trial would impose a heavier burden than is sensible on a single judge. The present litigation comes precisely within the authorization of FR 42(b). In fact, in infringement suits of lesser complexity anti-trust or misuse issues have been separated for trial apart from patent issues. For example, in Container Co. v. Carpenter Container Corp., 9 F.R.D. 89, 91–92, my colleague, Judge RODNEY, said:

> "It seems clear that the issues, proof and witnesses in the anti-trust claim are substantially different from and foreign to the issues, proof and witnesses in the patent infringement claim. * * *"

Too, in Zenith Radio Corp. v. Radio Corp. of America, D.C.Del., 106 F.Supp. 561, I gave my views on trial procedure in this type of case and the chronology and timing of pre-trial discovery.

After oral argument in this litigation, I consulted with my Brethren, and it was decided, although other members of the Court had passed on several preliminary matters, I should be assigned to all further pre-trial questions, preside at the trial, and make complete determination of the present case, with all its issues and causes of action. The many problems proposed by counsel at oral argument as to the undesirability of "truncated litigation" in the matter of the patent and anti-trust features of the case before several judges now no longer exists.

## I. INTERROGATORIES

■ 1. *Defendant's objection to plaintiff's Interrogatory 23.* Plaintiff has put many interrogatories to defendant. Defendant, for example, has identified the particular claims it relies upon for its charge of infringement, so defendant objects to answering plaintiff's Interrogatory 23 which asks:

"23) How does each claim (relied on) apply to plaintiff's air-gauge shown in plaintiff's Drawings 802A001 [etc., etc., etc.] copies of which were heretofore supplied to defendant's attorneys?"

What plaintiff is requesting, before defendant's experts take the stand, is for defendant to construe the already identified claims of the patents in suit and apply the claims to a specific construction of defendant's air gauges for measuring linear dimensions. It has been consistently held that interrogatories may not call for opinions, conclusions or contentions because the seeking of *facts* is the only proper object of discovery. As Professor Moore has stated:[1]

"In patent cases, the courts have refused to require a party to * * compare patent claims with his own or his opponent's devices."

This has been the view of this District.[2] Defendant's objection to plaintiff's Interrogatory 23 will, therefore, be sustained.

■ 2. *Defendant's objection to plaintiff's Motion under FR 12(e).*

Plaintiff moves under FR 12(e) for an order requiring defendant to state the exact information it has just concurrently sought by its Interrogatory 23. As stated *supra,* the information sought should not be had; moreover, the information sought is not, in any event, properly a subject for a motion under FR 12(e), for a motion under that rule is only proper when a party is unable to determine the issues he must meet.[3] At best, what plaintiff seeks is evidentiary material and this cannot properly be granted under a 12(e) motion.[4]

■ 3. *Plaintiff's objections to defendant's Interrogatories* 7, 7(b), 11(b), 11(c), 11(d), 11(e), 12, 12(a), 12(b), 21, 24(d), 24(f), 28(f), 28, 29, and 35. Objection to Interrogatory 35 will be discussed first.

(a) Plaintiff under order by Chief Judge WRIGHT furnished defendant with copies of drawings of plaintiff's air gauges and parts and accessories which had been sold by plaintiff; plaintiff also permitted defendant's counsel to inspect one of its air gauges. The single question involved in Interrogatory 35 is whether plaintiff, having alleged in its complaint its air gauges do not infringe defendant's patents and having supplied drawings of one of its air gauges and permitted inspection of its air gauges, should now be required to state under oath the differences, if any, between the air gauge disclosed and various other models of air gauges manufactured by plaintiff since 1956. Plaintiff argues it

---

1. 4 Moore's Federal Practice (2 Ed.) pp. 2303, 2304–5.

2. Babcock & Wilcox Co. v. North Carolina Pulp Co., D.C.Del., 25 F.Supp. 596 (Nields, J.); Jessup & Moore Paper Co. v. West Virginia Pulp Paper Co., D.C. Del., 25 F.Supp. 598 (Nields, J.); Hercules Powder Co. v. Rohm & Haas Co., D.C.Del., 3 F.R.D. 328 (Leahy, J.); General Motors Corp. v. California Research Corp., D.C.Del., 8 F.R.D. 568 (Rodney, J.).

3. Best Foods v. General Mills, D.C.Del., 3 F.R.D. 275, 278; Lincoln Laboratories, Inc. v. Savage Laboratories, Inc., D.C. Del., 26 F.R.D. 141, 142–143; Crook v. Bendix Aviation Corp., D.C.Del., 68 F.Supp. 449, 451; Kennametal, Inc. v. American Cutting Alloys, D.C.Del., 5 F.R.D. 180.

See, too, J. D. Ferry Co. v. Macbeth Engineering Corp., D.C.M.D.Pa., 11 F.R.D. 75–76; Marvel Slide Fastener Corp. v. Klozo Fastener Corp., D.C.S.D. N.Y., 80 F.Supp. 366–367.

4. It has already been decided plaintiff is not entitled to opinion evidence under its Interrogatory 23.

should not be required to compile data and enter into research for the purpose of answering this interrogatory. But, as Judge RODNEY said, in United States v. Columbia Steel Company, D.C. Del., 7 F.R.D. 183, a party is not required "to make research or compilation of data *except that within its own knowledge*." Here, the information sought is solely within plaintiff's knowledge and no independent research is called for. And as Professor Moore[5] has said:

"The fact that to answer interrogatories might be burdensome or expensive is not a valid objection if the information is relevant and material."

Plaintiff should be fully familiar with its own products which it has manufactured or sold and could, without much trouble, describe the differences between its various models and without any significant burden.

Plaintiff's objection to defendant's Interrogatory 35 is therefore overruled.

■ (b) Plaintiff objects to defendant's Interrogatory 7 which is directed to Patents 2,254,259; 2,457,297; and 2,749,742. These patents are not mentioned in defendant's counterclaim, so, plaintiff argues these patents are not in issue. But, these patents are referred to in Paragraphs 15, 16, 17 and 18 of plaintiff's complaint as being invalid and void, and, in its prayer for relief it seeks a determination that these patents be declared invalid. The patents would seem, therefore, to be in issue. Hence, so much of the interrogatory as bears on this phase of the patents must be answered. Moreover, a part of defendant's interrogatory asks plaintiff to elaborate on its charge, found in the complaint, that the claims of the patents claimed more than the invention disclosed. Plaintiff argues this calls for a legal conclusion. But, plaintiff has pleaded this specific ground of invalidity of these particular patents

as a fact. That this is not a legal conclusion has been discussed before by Judge RODNEY:[6]

"Interrogatory No. 5 is based upon paragraphs 12 and 15 of the answer. Paragraph 12 states that the claims of Patent Reissue No. 23,493 are vague, indefinite and ambiguous. Paragraph 14 states that the claims are broader than the disclosure of the invention. Interrogatory No. 5 simply asks the defendant to state in what respect the defendant will contend at the trial that the claims are vague, indefinite and ambiguous and in what respect the claims fail to describe the invention as required by law. This interrogatory requires information as to the exact issue to be tried and embodies the request for the same information which would be clearly defined in pretrial proceedings. I think the interrogatory must be answered."

The objection to defendant's Interrogatory 7 is overruled.

■ (c) Plaintiff objects to defendant's Interrogatories 11(b), 11(c), 11 (d), 12, 12(a), 12(b), 24(f), 28 and 29. These interrogatories are directed to the quantum of liability or damages. They are concerned with the ultimate question, after a finding of liability, of recoverable damages, both in the infringement cause and the separate anti-trust action. As to the first, it has been the customary practice in a non-jury patent case for the court to try the issue of infringement liability and if it finds infringement and validity then the quantum of damages becomes pertinent. Plaintiff's objections to these particular interrogatories are sustained, without prejudice to defendant to renew these interrogatories at a more appropriate time both as to patent and anti-trust features, and reserving a ruling on the other two reasons plaintiff urges in support of its objections, e. g.,

---

5.  4 Moore's Federal Practice (2 ed.) 2314.

6.  Liquidometer Corporation v. Capital Airlines, Inc., D.C.Del., 24 F.R.D. 319, 324.

Interrogatories 11(c) and 11(d) call for independent research of an inordinate magnitude, and 12, 12(a) and 12(b) seek to elicit privileged information.

■ (d) Plaintiff also objects to defendant's Interrogatory 21. It would seem this interrogatory calls on plaintiff to investigate all persons who have been its officers or employees during, at least, the last eight years and to find out whether such persons "have ever been in possession of facts or have information sufficient to enable * * * them to determine or conclude whether 'plaintiff's air gauges' infringe any patents owned or controlled by defendant or any other person." Much of the answer to this interrogatory might well not be relevant to the issues in the case at bar. In any event, it not only calls for legal conclusions but it is, also, burdensome and oppressive in its present form.

Plaintiff's objection to defendant's Interrogatory 21 is sustained.

(e) Plaintiff objects to defendant's Interrogatories 24(d) and 24(f) because these are directed again to quantum of liability and also seek out matters of business confidence, etc. As in the case of defendant's Interrogatories 11(b), 11 (c), 11(d) and 11(e), and in Interrogatories 24(d) and 24(e) information is sought which is directed to the issue of liability on plaintiff's second cause of action relating to the alleged anti-trust law violations.

Plaintiff's objections to these interrogatories will be sustained, but without prejudice to defendant to renew its requests at a more appropriate time, as is discussed, *infra*.

(f) Plaintiff objects, finally, to defendant's Interrogatories 28 and 29. These interrogatories are concerned with the same damages and the alleged anti-trust claim. The comments made in (c) and (e), *supra*, are applicable here. These objections are sustained, with the same reservations, as noted in (c) and (e).

## II. MOTIONS

■ 4. Plaintiff noticed the taking of the depositions at Wilmington, Delaware, of three of defendant's officers and executives. Defendant is a Delaware corporation. It moves under FR 30(b) for an order striking the notice and directing that the depositions be taken in Dayton, Ohio, where defendant has its principal place of business and where all defendants reside. As to this, plaintiff argues defendant has invoked this court's jurisdiction by filing its counterclaim charging infringement and, therefore, it should submit to pre-trial examination through its officers and executives within this district; or, in the alternative, if the depositions are to be taken in Dayton, Ohio, defendant should be directed to pay not only plaintiff's expenses, but also its attorney's fees and expenses. The court could allow the present notice to stand, as the depositions could be taken here; but, courts, generally, have held depositions of officers and other executives should be taken at the corporation's principal place of business. In this case, the named witnesses all reside in Ohio; defendant's principal place of business is there, as well as all its corporate records. Ohio is, obviously, the more convenient and appropriate place to take the depositions.[7] However, the situs in Ohio is for defendant's convenience. Hence, it should give up something. Plaintiff's and its attorneys' traveling expenses and maintenance, while in Dayton, should be paid by defendant. Plaintiff's attorney's

---

7. See, Sprague Electric Co. v. Cornell-Dubilier Electric Corporation, D.C.Del., 4 F.R.D. 113; Krauss v. Erie Railroad Co., S.D.N.Y., 16 F.R.D. 126; Kurt M. Jackmann Co., Inc. v. Hartley Cooper & Co., S.D.N.Y., 16 F.R.D. 565; Cohen v. Pennsylvania Railroad Co., S.D.N.Y., 30 F.Supp. 419; Garshol v. Atlantic Refining Co., S.D.N.Y., 12 F.R.D. 204, 205; Deep South Oil Co. v. Metropolitan Life Insurance Co., S.D.N.Y., 21 F.R.D. 340.

fees while away from his Philadelphia office will not be allowed. When an attorney is about his client's business, the client should pay its own attorney for his services.

■ 5. The remaining motion is by plaintiff under FR 42(b) for separate trials of the patent phase of the litigation and the trial of the anti-trust phase. The first cause of action is for a declaratory judgment that plaintiff is not an infringer and the second cause of action seeks damages alleged to have been sustained by plaintiff as a result of defendant's acts in violation of the anti-trust laws.

At the beginning of this memorandum, I commented on separate trials in cases of this nature. I agree with Professor Moore[8] that a single trial tends to lessen the delay and inconvenience to all concerned, but in this type of litigation each case must be determined on its own indigenous facts. The trial of the patent infringement cause of action can be readied within the foreseeable future and will probably take about five to eight trial days, whereas the trial of the anti-trust cause of action cannot possibly be ready to be placed on the calendar for another year, as counsel stated there will be at least another year of pre-trial discovery, if not longer; and the trial itself of this second cause of action will take about two months. Expert patent counsel have been retained to try the infringement action; independent and just as expert counsel have been retained to try the anti-trust issue. As Judge RODNEY, in Container Co. v. Carpenter Container Corp., D.C.Del., 9 F.R.D. 89,[9] wrote:

"It seems clear that the issues, proof and witnesses in the anti-trust claim are substantially different from and foreign to the issues, proof and witnesses in the patent infringement claim. While Carpenter urges that the two claims do overlap, the only example of such overlapping which has been given is the allegedly attempted suppression by Container and Continental of patent '858 as indicated by their active litigation of the interference proceedings in the Patent Office on such patent. Carpenter contends that these interference proceedings are relevant not only to the patent infringement claim but also to the anti-trust claim because they are evidence of the alleged violation by Container and Continental of the anti-trust laws through attempted suppression of the patent.

\* \* \* \* \* \*

"If the two claims do overlap with respect to certain facts, it does not necessarily follow that separation will require a duplication of preparation in connection with pre-trial discovery. Material gathered by one party in discovery proceedings on one claim would certainly be available to that party in preparation of the other claim and would seem to lessen the work required by such party in preparing such other claim.

\* \* \* \* \* \*

"Rule 42(b) justifies separation to further convenience or avoid prejudice. Since it appears from the record that the issues, proof and witnesses will be substantially different for each claim, the convenience of both the parties and the court will be served by separation.

\* \* \* \* \* \*

"While only the furtherance of convenience and the avoidance of

8. Moore's Federal Practice (2d Ed., Cum. Supp.) p. 1211.

9. See, also, Society of European Stage Authors & Composers, Inc. v. WCAU Broadcasting Co., E.D.Pa., 35 F.Supp. 460; Transmirra v. Monsanto, S.D.N.Y., 27 F.R.D. 482; Smith, Kline & French Laboratories v. International Pharmaceutical Labs, et al., E.D.N.Y., 98 F.Supp. 899; Institutional Drug Distributors v. Yankwich, 9 Cir., 249 F.2d .566.

prejudice are mentioned in Rule 42 (b) as justifying separation, it is inherent in such rule that separation must also serve the ends of justice. Of course, the purpose of the Rules is to simplify judicial procedure, and they should be construed 'to secure the just, speedy, and inexpensive determination of every action.' Federal Rules of Civil Procedure, rule 1, 28 U.S.C.A. The spirit of the Rules would seem to require a separation here as requested.

"The instant case is extremely similar to Soc. of European Stage Authors and Composers, Inc., v. WCAU, D.C.E.D.Pa.1940, 35 F. Supp. 460, wherein the court ordered separation as being consonant with justice, in furtherance of convenience, and in avoidance of prejudice." (9 F.R.D. 91–92).

In a litigious situation such as presented here, the Attorney General's National Committee to Study the Anti-trust Laws [Report 1955, p. 249] concluded: "Further, in any patent infringement suit in which anti-trust violation is the basis of defense, or counterclaims, the court, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, should order separate trials of the anti-trust issues and the patent issues. Separation may be essential not only 'in furtherance of convenience and to avoid prejudice' but also 'to serve the ends of justice.'"

Since I shall preside at all phases of this litigation until its termination, I conclude to try the patent-infringement-invalidity cause of action first, and pre-trial discovery directed at those exact issues should proceed. At the termination of this first trial, counsel may then proceed, at once, with their pre-trial discovery on the other issues of the alleged patent misuse and violations of the anti-trust laws; and, when such pre-trial probing is finished, I shall immediately fix a trial date for the second cause of action.

Counsel may submit separate proposed orders on all the objections and motions discussed herein.