**TINKER & RASOR, a corporation,**
Plaintiff,

v.

**PIPELINE INSPECTION CO., Inc., a corporation, Defendant.**

**No. 9218.**

United States District Court
W. D. Missouri, W. D.

Nov. 23, 1954.

C. Earl Hovey, Kansas City, Mo., Edward B. Gregg and Henry Gifford Hardy, San Francisco, Cal., for plaintiff.

Orville O. Gold, Claude A. Fishburn, Howell & Rayburn, Kansas City, Mo., for defendant.

RIDGE, District Judge.

In this action for patent infringement the issues raised in defense are prior art and misuse. Plaintiff has served a list of sixteen interrogatories, to each of which defendant has not made answer but submitted its objections thereto to the Court.

This is the type of action in which the liberal use of the discovery procedure can be of the greatest value. The pleadings here, as usual in an action of this character, are very broad and of necessity lead to a great maze of factual data. In such instances the interrogatory procedure of Rule 33, Fed.Rules Civ. Proc. 28 U.S.C.A. can be a great aid to the Court and to the parties in narrowing the issues at pre-trial and advising each party prior thereto of the exact claims upon which his opponent intends to stand at the trial on the merits. Accordingly, objections that the questions put are not purely factual should be critically examined and answer thereto required, if an answer would tend to aid in narrowing the issues. As said in Dugan v. Sperry Gyroscope Co., D.C., 35 F.Supp. 902, 903, there is "a clear distinction between requiring defendant to give an opinion and requiring it to point out in particular to what act or defect the

defense is directed." See also McInerney v. Wm. P. McDonald Construction Co., D.C., 28 F.Supp. 557; Shrader v. Reed, D.C., 11 F.R.D. 367; and Drake v. Pycope, Inc., D.C., 96 F.Supp. 331.

 The main objection made to the majority of plaintiff's interrogatories is that they call upon defendant to state its construction of the patent in question, and the invalidity thereof as tested by prior art. But that is exactly the issue to be tried. The questions put merely attempt to achieve the purpose of federal discovery procedure by requiring defendant to particularize its position in advance of trial. That "plaintiff is asking defendant to submit its evidence now in advance of the trial" is not a valid objection to interrogatories. Such is the purpose of that discovery vehicle. Accordingly, Interrogatories numbered 1, 2, 3, 4, 5, 6, 10, 11, and 12 are, we think, sufficiently factual and should be answered.

As to Interrogatories 7 and 8, we believe that they relate to more than the novelty of defendant's apparatus and are relevant to the issues joined and the subject-matter. Plaintiff is entitled to know when the first model detector therein referred to was developed or manufactured containing specified features.

Interrogatory Number 9 is strictly factual and should be answered to the extent of defendant's knowledge.

As to Interrogatories 13 and 14, defendant argues in objection that it hasn't any definite knowledge in respect thereto; that its defense of misuse is "based upon information and belief." If so, such should be its answer; but let it state what the information is that it relies on.

However, Interrogatories 15 and 16 were properly objected to. We do not perceive how the information there sought has any possible relevancy to the issues in this suit and we do not believe that plaintiff has any right to such information. Chenault v. Nebraska Farm Products, D.C., 9 F.R.D. 529, 532.

In summary, defendant's objections to Interrogatories numbered 15 and 16 are by the Court sustained; objections to all other interrogatories are hereby overruled.

It is so ordered.