RHEEM MANUFACTURING COM-
PANY, Plaintiff,

v.

STRATO TOOL CORPORATION and
Paul G. K. Schroeder, Defendants.

Civ. A. No. 1169-66.

United States District Court
D. New Jersey.
Civ. Div.

Oct. 8, 1967.

Pitney, Hardin & Kipp, by Frank C.
O'Brien, Newark, N. J., Gordon Wood,
San Francisco, Cal., of counsel, for plain-
tiff.

Blume & Kalb, by Barrett F. Kalb,
Newark, N. J., Peter J. Gaylor, Elizabeth,
N. J., of counsel, Jacobi, Davidson &
Jacobi, Samuel L. Davidson, Werner W.
Kleeman, Donald A. Kaul, Marvin R.
Stein, of counsel, Washington, D. C.,
for defendant.

OPINION

COOLAHAN, District Judge:

This is an action by plaintiff for al-
leged infringement of its United States
patent No. 3,210,835 and for alleged un-
fair competition by defendants. De-
fendants' Answer denies infringement
and also asserts the invalidity of patent
No. 3,210,835; defendants have counter-

claimed for declaratory judgments that the patent is invalid and that defendants have not unfairly competed with plaintiff. In addition, defendants counterclaim that plaintiff has violated the antitrust laws. The case is before this court at the present time on defendants' objections to interrogatories Nos. 1 to 11 propounded to them by plaintiff. The interrogatories in question are set out in the margin.[1]

■ Defendants' first objection relates to the form of each one of the interrogatories. It will be noted that each asks defendants to "state all of the facts known to defendants which support" various assertions in their Answer and Counterclaims. Defendants contend that use of "all" in the interrogatories is objectionable, citing cases,[2] and asserting the policy that the answering party and the court have no means of ascertaining whether the answer is sufficiently complete. It would appear that the cases and the policy are not well founded. Assuming that the *substance* of the answers sought to be elicited from the defendants (as distinguished from the *quantum* thereof) is valid (which will be considered later), there is no reason for preventing plaintiff from getting from defendant all of the facts known to him. Defendants' point as to the

1. 1. State all of the facts known to defendants which support the contention made in the answer and counterclaims that the patent in suit was not duly granted and that all of the requirements of the patent statutes were not complied with.

2. State all of the facts known to defendants which support the contention made in the answer and counterclaims that the invention in suit was in public use or on sale in this country more than one year prior to the date of the application for patent.

3. State all of the facts known to defendants which support the contention made in the answer and counterclaims that the applicant named in the patent did not in fact invent the patented subject matter.

4. State all of the facts known to defendants which support the contention made in the answer and counterclaims that claim 4 of the patent in suit is inapplicable to the contruction made, used, sold or offered for sale by defendants.

5. State all of the facts known to defendants which support the contention made in the answer and counterclaims that plaintiff is estopped to claim for the patent a construction covering the acts of defendants. In answer to this interrogatory defendants are requested to point out by reference to page and line number in the file of the application for patent the admissions and representations made therein on behalf of the applicant to induce the grant of the patent.

6. State all of the facts known to defendants which support the contention made in the answer and counterclaims that claim 4 of the patent in suit is ambiguous, uncertain, indefinite, misleading and fails to distinctly point out the part, improvement or combination which the patentee claims as his invention or discovery.

7. State all of the facts known to defendants which support the contention made in the answer and counterclaims that the novelty in claim 4 is predicated on function rather than structure.

8. State all of the facts known to defendants which support the contention made in the answer and counterclaims that claim 4 of the patent in suit fails to cover a complete operative contruction and that it is predicated on an inoperative and incomplete disclosure.

9. State all of the facts known to defendants which support the contention made in the answer and counterclaims that claim 4 is invalid and void because it contains new matter which was not disclosed in the application as originally filed.

10. State all of the facts known to defendants which support the contention made in the answer and counterclaims that plaintiff has misused the patent in suit by attempting to control and by controlling the sale of unpatented goods used in and with the apparatus covered by the patent.

11. State all of the facts known to defendants which support the contention made in the answer and counterclaims that the practices of plaintiff substantially lessen competition and/or tend to create a monopoly in the field of fastening clips.

2. Stovall v. Gulf & South American Steamship Co., 30 F.R.D. 152 (S.D.Tex. 1961); Sheffield Corp. v. George F. Alger Co., 16 F.R.D. 27 (S.D.Ohio 1954).

difficulty involved in answering questions · using "all" and in determining whether the answers are complete is well taken, but it appears that this court can, through the contempt power and otherwise, sufficiently assure itself that the answering party disclose his full knowledge. See Liquidometer Corp. v. Capital Airlines, Inc., 24 F.R.D. 319 (D.Del.1959) which required answers to interrogatories similar to those at bar in the present cases.

█ Defendants next object to all the interrogatories propounded to them on the ground that they seek to force disclosure of the work product of their attorneys, citing Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). None of the interrogatories in question here appear to invade that province. The Supreme Court in *Hickman* explicitly refused to extend the definition of "work product" to include the specific facts upon which a party's contentions are based.

█ Defendants contend that interrogatories Nos. 1, 10, and 11 are not proper because they call for a classification of facts in support of legal conclusions, "a job for Defendants' lawyers rather than a party to the suit." This argument was considered by this court in Microtron Corp. v. Minnesota Mining and Mfg. Co., 10 F.R.Serv.2d 33.42 Case 2 (D.N.J.1967), and rejected. The decision quoted Professor Moore:

> "If the answer might serve some legitimate purpose, either in leading to evidence or in narrowing the issues, and to require it would not unduly burden or prejudice the interrogated party, the court should require answer." 4 Moore's Federal · Practice, 2d Edition 2354. * * *

It is dispositive here; I find that a legitimate purpose would be served by answers to interrogatories Nos. 1, 10, and 11, and that defendants would not be unduly burdened or prejudiced by having to answer.

██ Defendants' next point is that interrogatories Nos. 5 through 9 need not be answered because they request a construction of the claim of the patent in suit, thereby soliciting opinions, not facts. Assuming that such a construction is sought with respect to Nos. 5 through 9, the *Microtron* case is again dispositive. On the question of the possible legitimate purpose which answers to these interrogatories might serve, I find that such a purpose would be served, and that defendants would not be unduly burdened or prejudiced. In effect, what these questions are asking is that the defendants let plaintiff better know what they have in mind with respect to certain of the points in their Answer and Counterclaims. For example, defendants contend that claim 4 of the patent in suit is predicated on an inoperative and incomplete disclosure. I can see no objection to plaintiff's learning by discovery in what way defendants consider the disclosure to have been inoperative and incomplete.

█ Defendants object to interrogatory No. 4, because "it requires a construction of the claim of the patent in suit in terms of defendants' alleged infringing device." Although I would not adopt defendants' rather doctrinaire statement of their objection to interrogatory No. 4, but would instead prefer the more pragmatic, "balancing," standard set forth in the *Microtron* decision, supra, I agree with defendants' conclusion that interrogatory No. 4 need not be answered. Implementing the *Microtron* test, I conclude that defendants answer to interrogatory No. 4 would not likely serve any legitimate purpose. As contrasted from the answers sought to be elicited to interrogatories Nos. 5 through 9, which I have decided should be answered and which sought to have defendants amplify their affirmative defenses, interrogatory No. 4 seeks to have defendants' expound on their general denial of infringement. Although it is true in both cases, contrasting interrogatories Nos. 5 through 9 with interrogatory No. 4, that the patent in suit is the objective guide to which the trier of fact must look in deciding is-

sues such as infringement and incomplete disclosure, it is not true that the same result must therefore obtain when the *Microtron* "balancing" test is implemented. In the case of interrogatory No. 4, involving defendants' general denial of infringement, it is plaintiff who has raised the infringement issue, and it can easily be seen that it has far less to benefit from defendants' answers to the interrogatory than it would in the case of interrogatories such as Nos. 5 through 9, which ask defendant to amplify on claim *he* has raised. Therefore, although the inconvenience to the defendants, in the case of interrogatories Nos. 5 through 9, is outweighed by the aid that the answers will render to plaintiff's preparation of its case, and thus to the trial itself, in the case of interrogatory No. 4 the inconvenience is not outweighed by any measurable benefit to plaintiff.[3] Defendants' objection to interrogatory No. 4 is sustained.

Let an appropriate order be submitted.

---

3. See Lanova Corp. v. National Supply Co., 29 F.Supp. 119, 120 (W.D.Pa.1939): Answers to Interrogatories Nos. 1 and 3 are very evidently not designed for the purpose of eliciting information necessary for the preparation of defendant's case. The defendant and its experts are quite as able to compare defendant's engine with the patent drawings as are the plaintiffs. * * * The interrogatories, Nos. 1 and 3, call for nothing more than an opinion in respect to a nonvital detail.