Mary Lou **MASSIGNANI**, Plaintiff,

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Raymond Farell, individually and as Commissioner, Alva Pilliod, individually and as District Director, R. A. Klein, individually and as Officer in Charge of Immigration and Naturalization Service, Defendants.**

No. 70–C–275.

United States District Court, E. D. Wisconsin.

June 1, 1970.

252

Hayes, Peck, Perry & Gerlach, by Richard Perry, Milwaukee, Wis., for plaintiff.

David J. Cannon, U. S. Atty., by Richard E. Reilly, Asst. U. S. Atty., Milwaukee, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The plaintiff seeks a preliminary injunction to enjoin the defendants from proceeding with a deportation action against her. The court held a hearing at which evidence was submitted and arguments of counsel were received. Subsequently, written briefs were filed.

Miss Massignani is a citizen of Italy. She arrived in the United States in 1962 and has continued to reside here under visas issued pursuant to the Immigration and Naturalization Act. On July 9, 1969, she applied for permanent resident status pursuant to § 245 of the Immigration and Naturalization Act. 8 U.S.C. § 1255. That application was denied in a decision dated April 20, 1970, issued by the Immigration and Naturalization Service. The decision directed Miss Massignani to depart from the United States within 30 days. In denying her request for permanent residence, the district director stated the following in his decision:

"Your advocation and support of the unlawful damage and destruction of property, namely Selective Service records in Milwaukee, Wisconsin, and elsewhere, is a matter of public record."

Although no formal deportation proceedings have been commenced against the plaintiff, it is her contention that the defendants' conduct has chilled her right to freedom of expression guaranteed under the first amendment. Miss Massignani points to a newspaper advertisement relating to a political matter which bore the names of many individuals, including that of the plaintiff. Her theory on this motion is that the present threat of deportation stemmed from her having subscribed to that advertisement, and that this has inhibited her right to a constitutionally protected freedom.

Since no deportation action has as yet been commenced against the plaintiff, it is difficult to find that irreparable harm to her has taken place. The absence of irreparable injury is a factor to be considered in evaluating an applicant's entitlement to a preliminary injunction. Kontes Glass Company v. Lab Glass, Inc., 373 F.2d 319 (3rd Cir. 1967).

The "adjustment" of an alien's request for a change of status is a discretionary act under the terms of the applicable statute, 8 U.S.C. § 1255. Whether there has been an abuse in the exercise of such discretion can be tested if and when the Immigration and Naturalization Service commences deportation action. In connection with deportation proceedings, judicial review of an administrative determination is afforded in 8 U.S.C. § 1105a.

It is my conclusion that the plaintiff's contention that her right to freedom of expression has been jeopardized by the denial of her application for permanent residence does not justify the court's entering a preliminary injunction.

Now, therefore, it is ordered that the plaintiff's motion for a preliminary injunction be and hereby is denied.