438 F.2d 1276
 Mary Lou MASSIGNANI, Plaintiff-Appellee,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Raymond Farrell, individually and as Commissioner; Alva Pilliod, individually and as Officer in Charge of Immigration and Naturalization Service, Defendants-Appellants.
 No. 18527.
 United States Court of Appeals, Seventh Circuit.
 January 21, 1971.
 
 Richard Perry, Hayes, Peck, Perry & Gerlach, Curry First, Milwaukee, Wis., for appellants.
 David J. Cannon, U. S. Atty., Richard E. Reilly, Asst. U. S. Atty., Milwaukee, Wis., for appellee.
 Before KILEY and CUMMINGS, Circuit Judges, and CAMPBELL, Senior District Judge.*
 PER CURIAM.
 
 
 1
 This cause is here on appeal from an order of the district court denying plaintiff-appellant's motion for preliminary injunction, enjoining defendants, the United States Immigration and Naturalization Service and certain officers thereof, from instituting any deportation proceedings against plaintiff. The decision of the district court is reported at 313 F.Supp. 251.
 
 
 2
 Plaintiff, a citizen of Italy, is an alien subject to the Immigration and Naturalization Act. She arrived in the United States in 1962 and has since resided here under visas. On July 9, 1969, plaintiff applied for permanent residence status pursuant to section 245 of the Immigration and Naturalization Act. 8 U. S.C. § 1255. That application was denied on April 20, 1970 and plaintiff was directed to depart from the United States within 30 days and further advised that the failure to so depart would result in the initiation of action to enforce her departure. The decision of the District Director also informed plaintiff that the denial of her application for permanent residence was without prejudice to her right to renew her application in deportation proceedings, should such proceedings be brought against her.
 
 
 3
 The basis for the Director's denial of plaintiff's application was set forth in his letter to plaintiff advising her of the decision.
 
 
 4
 "Applicants for admission to the United States for permanent residence may be excluded for several reasons. Included among these reasons are the advocation of unlawful damage or destruction of property; causing the printing or publishing of written or printed matter which advocates the unlawful damage or destruction of property; and aliens who have given the Attorney General reason to believe they may engage in activities prejudicial to the public interest, or which might endanger the welfare, safety or security of the United States. The burden of proof of admissibility is upon the alien.
 
 
 5
 "Your advocation and support of the unlawful damage and destruction of property, namely Selective Service records in Milwaukee, Wisconsin, and elsewhere, is a matter of public record."
 
 
 6
 In reaching this decision the Director considered, as part of the evidence against plaintiff in denying her petition for permanent residence, a petition and advertisement which appeared in the Milwaukee Journal on October 28, 1968 and which bore her name and the names of many other individuals. The advertisement praised and supported the actions of certain persons who broke into a Milwaukee Selective Service office and destroyed draft records.
 
 
 7
 In her complaint plaintiff alleges that in authorizing the use of her name in the newspaper advertisement she was engaging in activities protected by the First Amendment to the United States Constitution and that the defendants have arbitrarily abused their discretion in denying her application for permanent resident status because of that exercise of First Amendment rights. The district court concluded that this contention at this stage of the proceedings did not justify the entry of a preliminary injunction, noting particularly, "Whether there has been an abuse in the exercise of such discretion can be tested if and when the Immigration and Naturalization Service commences deportation action. In connection with deportation proceedings, judicial review of an administrative determination is afforded in 8 U.S.C. § 1105(a)." 313 F.Supp. at 252. Thus the district court did not reach the merits of plaintiff's claim but found that issue not yet ripe for judicial review.
 
 
 8
 We agree with this conclusion of the district court. The record of the administrative agency is presently totally inadequate to reach the difficult issues ultimately involved in plaintiff's allegations. When deportation proceedings are commenced, plaintiff will have another opportunity to present her application for permanent residence.[1] As she was advised, the original denial was without prejudice to her right to so renew her application. If her application is again denied she may appeal to the Board of Immigration Appeals (8 C.F.R. 242.21), which may consider the issues de novo. An unfavorable decision of that Board may be appealed to this court (8 U.S.C. § 1105a), and we shall have an opportunity, with the benefits of a full and complete record from the deportation hearing and the Board of Appeals, to determine whether there has been an abuse of discretion in considering plaintiff's application.
 
 
 9
 Plaintiff complains that she is powerless to convene the deportation proceedings so that the merits of her case may be considered, citing Hammond v. Lenfest, 398 F.2d 705 (2nd Cir. 1968). But if none are initiated she has received the "stay" of such proceedings which was the prayer of her motion for preliminary injunction, the denial of which is the sole basis of this appeal[2]. If it should develop, however, that deportation proceedings are not timely commenced and the failure so to do impairs any rights or in any way results in injury to plaintiff, the district court can consider the merits of her claim anew.
 
 
 10
 We should further add that deportation proceedings, if and when commenced, are civil in nature, Harisiades v. Shaughnessy, 342 U.S. 580, 72 S.Ct. 512, 96 L.Ed. 586 (1952), and cannot be analogized to the criminal sanctions which may result from a court martial or criminal prosecution. For this reason plaintiff's reliance on such cases as Hammond v. Lenfest, 398 F.2d 705 (2nd Cir., 1968) and similar cases is misplaced. The deportation proceedings do not subject plaintiff to any risk or injury other than what she faces in the district court hearing she seeks here. She runs only the risk of an adverse determination as to her right to remain in the United States.
 
 
 11
 Similarly, in Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), also relied on by plaintiff, the complaint alleged harassment of Dombrowski and others by threats of criminal prosecution with no expectation of valid convictions (380 U.S. at 482, 85 S.Ct. at 1119) and other unconstitutional harassment such as the raiding of their offices and the seizure of their files and records (380 U.S. 487-488, 85 S.Ct. 1121-1122). Each of the individual plaintiffs in that case had been indicted and criminal prosecutions were pending in the state court.
 
 
 12
 The case before us is much different. The sole complaint of plaintiff is with respect only to her denial of permanent residence status in violation of her First Amendment rights.
 
 
 13
 In reaching the conclusion set forth herein we do not intend to infer any disagreement with the proposition that aliens fully enjoy our primary rights of free speech guaranteed by the First Amendment. See Kwong Hai Chew v. Colding, 344 U.S. 590, 73 S.Ct. 472, 97 L.Ed. 576 (1953). Nor do we mean to infer that in our opinion the District Director acted properly within his discretion in denying plaintiff's application. Surely no such inference would be justified on the scanty record before us.
 
 
 14
 We hold only that the district court was correct in denying plaintiff's motion for preliminary injunction in this cause and that judicial review of this cause should await the conclusion of the deportation proceedings, wherein plaintiff may renew her application for permanent status, and after which there will be a complete and adequate record for this court to review.
 
 
 15
 The order of the district court is affirmed.
 
 
 
 Notes:
 
 
 *
 Senior District Judge Campbell of the Northern District of Illinois is sitting by designation
 
 
 [1]
 Plaintiff complains in her brief that no deportation proceedings have been commenced, but none could be as this court, on her motion, stayed any deportation proceedings during the pendency of this appeal
 
 
 [2]
 On oral argument counsel for plaintiff suggested that we should not limit our ruling to the issue of whether the trial court properly denied her motion for preliminary injunction, but should go on to the merits of the case in chief and declare her right to status as a permanent resident, citing Keefe v. Geanakos, 418 F.2d 359 (1st Cir. 1969). However, the record before us is inadequate to reach the ultimate issues of this case. Furthermore, we believe it would be unwise to attempt to reach these issues when the limited issue relating to the preliminary injunction was the only issue presented to the district court and is the only issue raised in plaintiff's notice of appeal. Plaintiff also relies on theKeefe decision as authority for the proposition that she need not exhaust her remedies presented by the deportation proceedings. We disagree with her reading of that case. Keefe was a civil rights action brought by a teacher who was suspended and threatened with discharge because of certain class room discussions. The remedy there was a hearing before a hostile local school board, not a federal agency specifically created by Congress to consider, with its expertise and experience, the very same issue plaintiff wants this court to consider. More importantly, the court in Keefe, noted that it had "intimated" on oral argument that the case was "premature", but that counsel for defendants "did not respond", suggesting to the court that dismissal of plaintiff there was a "foregone conclusion" or that they (defendants) preferred a ruling on the merits. See note 6, 418 F.2d at 361. There are no similarities between this case and the Keefe case.