**DIGITRONICS CORPORATION,**
Plaintiff,

v.

**JEWEL COMPANIES, INC.,**
Defendant.

No. 71 C 1249.

United States District Court,
N. D. Illinois, E. D.

Aug. 4, 1972.

Raymond P. Niro, Hume, Clement, Hume & Lee, Ltd., Chicago, Ill., for plaintiff.

Lawrence W. Brugman, Horton, Davis, McCaleb & Lucas, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

McLAREN, District Judge.

This case is before the Court on defendant's motion to stay the proceedings and plaintiff's motion to compel defendant to answer an interrogatory. Defendant's motion is denied and plaintiff's motion is granted.

Defendant moves to stay the proceedings in this patent infringement action against the user of the allegedly infringing devices pending judgment in a New Jersey action instituted prior to this suit by plaintiff here against the manufacturer of the devices. However, defendant has not made the requisite showing of harassment to outweigh the patentee's separate rights against the manufacturer and user of infringing devices. Sundstrand Corp. v. American Brake Shoe Co., 315 F.2d 273, 276 (7th Cir. 1963). Furthermore, it appears that this case may be reached for trial somewhat sooner than the New Jersey action, and that the manufacturer may be bound by a judgment against the user in this case. Minneapolis-Honeywell Regulator Co. v. Thermoco, Inc., 116 F.2d 845, 846 (2d Cir. 1941).

Turning to the discovery motion, the contested portion of the interrogatory at issue asks the defendant to provide a description and an application of each piece of "prior art" with respect to the elements of each of the claims that are alleged to have been infringed by the defendant. Defendant argues that this calls for attorney work product, is burdensome, and will not narrow the issues for trial.

These arguments are not convincing. The Court is persuaded that this interrogatory does not ask for materials protected by Hickman v. Taylor, 329 U.S. 495, 504, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Moreover, it may well narrow the issues and is a permissible inquiry into the contentions of a party. Rheem Mfg. Co. v. Strato Tool Corp., 276 F. Supp. 1005, 1007 (D.N.J. 1967); Meese v. Eaton Mfg. Co., 35 F.R.D. 162, 166 (N.D.Ohio 1964); Tinker & Rasor v. Pipeline Inspection Co., 16 F.R.D. 465, 466–467 (W.D.Mo. 1954). The interrogatory is not clearly burdensome, *Rheem, supra,* 276 F.Supp. at 1007, and the Court notes that plaintiff, in response to defendant's interrogatory, has provided an element-by-element application of its patent claims to the accused devices. Defendant is given sixty (60) days from the date of this opinion to answer the interrogatory.

It is so ordered.