### KISTLER INSTRUMENTE A. G., Plaintiff,

v.

### PCB PIEZOTRONICS, INC., Defendant.

### Civ. 76–113.

United States District Court, W. D. New York.

Sept. 15, 1976.

Arnold N. Zelman, Brennan, Tesseyman, Zelman, Runfola & Brownstein, Buffalo, N. Y., Paul M. Craig, Jr., Washington, D. C., for plaintiff.

Charles H. Dougherty, Albrecht, Maguire, Heffern & Gregg, Buffalo, N. Y., for defendant.

### MEMORANDUM and ORDER

ELFVIN, District Judge.

Plaintiff's complaint alleges infringement of two patents, misappropriation of trade secrets and unfair competition. This case is presently before the Court on defendant's motion to dismiss, or to stay further proceedings and for a protective order.

Defendant asserts that plaintiff's cause of action for alleged misappropriation of trade secrets is time-barred by the statute of limitations, that further prosecution of this action should be stayed until disposition of a suit by plaintiff against the United States in the United States Court of Claims alleging infringement of one of the patents herein involved and that defendant should be excused from answering interrogatories, producing documents or otherwise participating in pretrial discovery procedures until the Court of Claims suit is decided. Plaintiff argues that misappropriation and use of trade secrets gives rise to successive causes of action and that, because defendant is still using the alleged misappropriated confidential information, the statute of limitations has not yet started to run. Plaintiff submits that staying the present proceedings would not advance the interests of judicial economy and sound judicial administration but would serve only to delay the resolution of issues in this suit and that defendant's application for a protective order is a dilatory and obstructive tactic.

With respect to plaintiff's claim of misappropriation of confidential information, the complaint sounds in tort and alleges the continued infringement of plaintiff's propriety rights. In a diversity action involving personal property, such as trade secrets, this Court must apply the law of New York. *Arnold's Ice Cream Co. v. Carlson*, 330 F.Supp. 1185, 1187 (E.D.N.Y.1971). The pertinent New York period of limitations involving the taking of, or injury to, personal property is three (3) years. CPLR § 214(3) and (4). In order to apply such statute, it must be determined when the time period begins to run. The issue then before this Court is whether the misappropriation and use of trade secrets gives rise to a single cause of action which occurs when the confidential information is first misappropriated and used or whether subsequent uses form a series of wrongs which constitute a continuing tort.

An examination of the cases which have confronted this question reveals that New York adheres to the continuing tort theory with respect to the misappropriation of trade secrets.

In *Sachs v. Cluett, Peabody & Co.*, 177 Misc. 695, 31 N.Y.S.2d 718 (Sup.Ct.1941), *rev'd on other grounds*, 265 App.Div. 497, 39 N.Y.S.2d 853 (1st Dept. 1943), the court held that the plaintiff, who had disclosed a secret process pursuant to a written agreement in which defendant had agreed not to use such confidential information unless and until a basis for compensation had been agreed upon, was not limited to an action for breach of contract, but could seek damages for the continuing violation and infringement of his property rights in the secret process.

"Where a defendant by continuing acts infringes upon the property rights of another, the right to enjoin is not lost by lapse of time, notwithstanding that damages for or an accounting with respect to past infringements and violations are limited to the statutory period prior to the date of the commencement of the action. Each infringement by defendant gives rise to a cause of action for damages against that individual for infringement." 31 N.Y.S.2d at 722.

The appellate court reversed on the grounds that plaintiff's complaint alleged a cause of action for breach of contract solely and did not sufficiently plead a continuing tort of misappropriation of confidential information. It is significant that the decision of the appellate court left undisturbed the holding of the lower court with reference to the continued infringement of trade secrets and stated at 39 N.Y.S.2d 857 that "[a] continuing right may exist where there is an interference with but not destruction or conversion of property."

In a later case, plaintiff submitted models and drawings of his invention to the defendant corporation in 1933 on the express condition that he be employed if his invention was subsequently used. Plaintiff commenced an action in 1951 for violation of a fiduciary duty and misuse of his ideas. The trial court dismissed the complaint on the grounds that the action was time-barred by the appropriate statute of limitations. The Appellate Division reversed and held that, if plaintiff's ideas were actually used by the defendant within those ten years (the applicable period of limitations) immediately prior to the commencement of the action, the statute would not have run and plaintiff could recover for the wrongful use of his ideas within that period. *Petnel v. American Tel. & Tel. Co.*, 280 App.Div. 706, 117 N.Y.S.2d 294, 298–9 (3d Dept. 1952). The court assumed, in ruling on the motion before it, that

"* * * in the absence of an adverse title the utilization of the property of another would be the subject of successive accounts or successive actions for damage and the time of accrual is not governed entirely by the original act of appropriation." 117 N.Y.S.2d, at 299.

The New York Court of Appeals has held that the continued use of secret designs and processes after the expiration of a contract which had permitted the use of such confidential information for a specified time period gives rise to successive causes of action. *General Precision, Inc. v. Ametek, Inc.*, 20

N.Y.2d 898, 285 N.Y.S.2d 867 (1967), *aff'g* 26 A.D.2d 909, 274 N.Y.S.2d 340 (1st Dept. 1966). In that case, plaintiff disclosed manufacturing information to the defendant pursuant to a contract dated March 15, 1951 under which defendant agreed to cease using the same after five years had elapsed. The defendant, in violation of such contractual time restriction, continued to use the secret designs and processes after March 15, 1956. Plaintiff did not commence his suit, however, until 1964. Defendant asserted that the alleged breach occurred, and plaintiff's cause of action arose, at the termination of the five-year period and was thus barred by the applicable six-year statute of limitations. Plaintiff contended that the continued and successive breaches of the contract gave rise to new causes of action and the period of limitations began to run anew from the date of each breach. The court held that each time the defendant allegedly failed to perform the agreement a cause of action for such continued breach immediately arose. Therefore, the court concluded that the statute of limitations only barred those causes of action which occurred prior to six years before the commencement of the suit.

Defendant places heavy reliance on *M & T Chemicals, Inc. v. International Bus. Mach. Corp.*, 403 F.Supp. 1145 (S.D.N.Y. 1975). That case is factually distinguishable from the one at hand because there the value of the trade secret had been destroyed by publication through the issuance of a patent prior to three years (the pertinent period of limitations) before the commencement of the suit. The court concluded that because of such disclosure an action for the continued use of trade secrets was not available to the plaintiff. Therefore, *M & T Chemicals* merely held that after the publication of a trade secret the use of such information by an alleged misappropriator does not constitute a continuing wrong and that the statute of limitations begins to run from the date of publication.

 Absent the public disclosure of trade secrets, however, the continued use of confidential information gives rise to suc-cessive causes of action under the law of New York. *General Precision, Inc. v. Ametek, Inc., supra.* For the purposes of ruling on a motion to dismiss, the allegations in the complaint must be accepted as true and the complaint must be liberally construed. *Heit v. Weitzen,* 402 F.2d 909, 913 (2d Cir. 1968). In the instant case, plaintiff asserts that the defendant continues to use the confidential information and technical know-how allegedly misappropriated and that the trade secrets have not been destroyed by publication and remain confidential. Therefore the misappropriation and use of the confidential information by the defendant within three years prior to the commencement of this suit remains actionable for damages and other appropriate relief.

 A motion seeking an order to stay is directed to the sound discretion of the court. *Research Corporation v. Radio Corporation of America,* 181 F.Supp. 709, 710 (D.Del.1960). The denial or grant of a stay is incidental to the inherent power of a court to control its own docket in order to facilitate the orderly administration of justice. *Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936). In deciding whether a stay should be granted, a court should consider the extent to which the issues and parties in the two actions are identical. *General Tire & Rubber Co. v. Jefferson Chemical Co.,* 50 F.R.D. 112, 116 (S.D.N.Y.1970); *Rosenfeld v. Schwitzer Corporation,* 251 F.Supp. 758, 764 (S.D.N.Y.1966). Where the issues or the parties are not substantially identical, there is no justification for a court to hold one proceeding in abeyance. *Fairmount Foods Company v. Manganello,* 301 F.Supp. 832, 839 (S.D.N.Y.1969).

The patent infringement action instituted by plaintiff against the United States in the Court of Claims involves only patent no. 3,151,258 ("patent '258"). The action presently before this Court alleges infringement of that patent *and* patent no. 3,673,442 ("patent '442"). In addition, plaintiff has alleged misappropriation of confidential information and unfair competition, and de-

fendant has asserted fourteen counterclaims. Resolution of these additional matters involves issues which are unrelated to the cause of action pending in the Court of Claims. Where the issues presented in a subsequent suit are broader than those contained in a suit filed earlier, the interests of justice are not served by the granting of a complete stay of the later-filed action. *Audio Devices, Inc. v. Minnesota Mining & Manufacturing Co.,* 135 F.Supp. 870 (S.D.N. Y.1955).

■ Defendant argues that the action first filed should have priority. With respect to this contention, it is to be noted that the sequence of filing is not dispositive and that other factors enter into the determination of whether a stay should be granted. *Digitronics Corporation v. Jewel Companies, Inc.,* 57 F.R.D. 649 (N.D.Ill.1972); *Rosenfeld v. Schwitzer Corporation, supra,* at 764. Moreover, regardless of when the Court of Claims action is tried and finally resolved with respect to the one patent, judicial economy would not be served by staying of these proceedings with respect to the other patent, the misappropriation and unfair competition allegations and the counterclaims set forth by the defendant because those issues ultimately will have to be resolved in this forum.

■ It is well established that a defendant in a patent infringement action may rely on the affirmative defense of collateral estoppel against a patentee who has had his patent invalidated in a prior proceeding. *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). Because of this and the common issues involved with respect to patent '258, concurrent litigation here and in the Court of Claims with respect to that patent would be duplicitous and a waste of judicial and other time and energy. Collateral estoppel, however, would not apply to the allegations and counterclaims involved herein which are *not* related to that patent. Therefore the feasibility of allowing the present ac-

tion to proceed in all other respects must be ascertained.

■ It should be noted that defendant does not claim that the patents are so intertwined that a partial stay—*i. e.,* with respect to patent '258 only—would be unwise. It only argues that a complete stay is in order because plaintiff has "noticed in"[1] defendant and has initiated broad pretrial discovery against defendant before the Court of Claims. This argument is unpersuasive. An examination of the two patents in question and the allegations of patent infringement set forth in plaintiff's complaint discloses that the patents are so sufficiently distinct that no impediment to such partial stay is indicated.

■ In addition, the misappropriation of confidential information claim involves trade secrets which are not encompassed by patent '258. Also, the unfair competition allegation is bottomed on claimed false and misleading advertising and promotional practices and does not overlap to any considerable degree the patent infringement action in the Court of Claims. Similarly, defendant's counterclaims involve issues which will not be resolved in and by the other action. Plaintiff's misappropriation and unfair competition allegations and defendant's counterclaims do not at all weigh against a partial stay.

The foregoing discussion with respect to defendant's motion to stay applies equally to defendant's application for a protective order concerning discovery. A protective order staying all discovery is unwarranted and would hinder the prompt disposition of this action. Discovery should be stayed only with respect to plaintiff's cause of action based upon infringement of patent '258. All other discovery should proceed in a proper fashion.

Therefore, it is hereby ordered that defendant's motion to dismiss the misappropriation of confidential information claim is denied, that the proceedings herein (including discovery) are stayed only with respect to the alleged infringement of patent no.

---

1. See, Court of Claims Rule 41 re third-party practice.

3,151,258 and that the parties are to proceed with full pretrial discovery and other procedures relating to the remaining facets of this litigation.