**CITY OF NEW YORK, Plaintiff,**

v.

**Samuel R. PIERCE, Secretary of the United States Department of Housing and Urban Development, United States Department of Housing and Urban Development, City of Jersey City, New Jersey Waterfront Associates, and Bankers Trust Company, Defendants.**

**No. 84 Civ. 9301(RWS).**

United States District Court, S.D. New York.

May 23, 1985.

Frederick A.O. Schwarz, Jr., Corp. Counsel of the City of New York, New York City, for plaintiff; Laura J. Blankfein, New York City, of counsel.

Shanley & Fisher, P.C., New York City, for defendant Jersey City; A. Dennis Terrell, Lorraine C. Parker, New York City, of counsel.

## OPINION

SWEET, District Judge.

Plaintiff, the City of New York ("NYC") has moved to stay this action pending a decision from defendant the United States Department of Housing and Urban Development ("HUD") on the application of defendant Jersey City ("Jersey City") for an Urban Development Action Grant ("UDAG") for the development of Harborside. Jersey City has moved to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(2) on

the grounds that the court does not have jurisdiction over Jersey City, which is an indispensable party. The motion for a stay is granted.

*Facts*

NYC initiated this action against HUD, Jersey City, and others on December 27, 1984 to prevent the award of UDAG funds to Jersey City and the Harborside development. NYC alleges that HUD's initial approval of the grant was premised on a commitment by Bankers Trust Co. to replace all jobs lost in NYC as a result of Bankers Trust move to Jersey City which would result from the grant. Such a job replacement program was necessary, according to NYC, in order to satisfy 42 U.S.C. § 5318(h). NYC further alleges that on or about November 1, 1984 Jersey City and Bankers Trust applied to HUD to amend the grant agreement to eliminate the job replacement program. NYC alleges that at some time before December 24, 1984 HUD approved the amendment to the grant, thereby causing the grant to violate 42 U.S.C. § 5318(h).

On January 9, 1985 HUD informed the court that HUD had withdrawn approval of the amended UDAG grant and was reconsidering the funding for Harborside. The parties agreed at that time to an informal stay pending a decision by HUD. On February 6, 1985, Jersey City moved to dismiss the case and soon thereafter NYC moved formally for a stay.

*Discussion*

■ A district court may stay an action by virtue of its "inherent power 'over [its] own process.'" *Soler v. G & U Inc.,* 86 F.R.D. 524, 526 (S.D.N.Y.1980), *quoting* 1 Moore's Federal Practice § 0.60[6]. A motion for a stay is directed to the discretion of the court and demands consideration of the competing interests of the parties. *Landis v. North America Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 165, 81 L.Ed. 153 (1936); *Kistler Instrumente A.G. v. PCB Piezotronics,* 419 F.Supp. 120 (W.D. N.Y.1976).

■ A court always has jurisdiction to determine its own jurisdiction, *United States v. United Mine Workers,* 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947); *Ilan-Gat Engineers, Ltd. v. Antigua Intern. Bank,* 659 F.2d 234 (D.C.Cir.1981), yet this investigation is itself limited by the requirement that advisory opinions on moot issues not be rendered. In *North Carolina v. Rice,* 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971), the court remanded a case for reconsideration of mootness, holding that "the question of mootness ... must [be] resolved before [a court] assumes jurisdiction." *Id.* at 246, 92 S.Ct. at 404.

■ HUD's decision to reconsider its approval of the Harborside grant effectively eliminates the subject matter of the dispute before this court and would render moot any decision on either jurisdiction or the merits of the underlying claim. The posture of this case is such that until HUD renders an opinion on the Harborside UDAG application any adjudication by this court of a challenge to that grant would be advisory in nature and directed to a dispute not ripe for resolution.

Further, a stay is not prejudicial to Jersey City. It has not been shown that during the pendency of the stay any ill effects will inure to Jersey City's detriment.

Consequently, this case is stayed until HUD renders an opinion on Jersey City's Harborside UDAG application.

IT IS SO ORDERED.