Chad Vignola, Asst. U.S. Atty., New York City, for defendant.

**Nicholas AUGOUSTINAKIS, Plaintiff,**

v.

**UNITED STATES IMMIGRATION & NATURALIZATION SERVICE AT NEW YORK, NEW YORK, Defendant.**

**No. 86 Civ. 8578(KC).**

United States District Court, S.D. New York.

Sept. 12, 1988.

### MEMORANDUM OPINION

CONBOY, District Judge:

This is an action seeking a declaratory judgment, pursuant to 28 U.S.C. section 2201 (1982), that the denial by the New York District Director of the Immigration and Naturalization Service ("INS") of the plaintiff's application for adjustment of status, pursuant to section 245 of the Immigration and Nationality Act of 1952, ("INA"), 8 U.S.C. § 1255(a) (1982), constituted an abuse of discretion. The plaintiff made his application for adjustment of status in February 1984. In a decision dated September 6, 1984, the District Director denied the plaintiff's application. Exercising discretion granted by 8 U.S.C. section 1254(e) (1982), the District Director granted

the plaintiff the privilege to depart the United States voluntarily by October 5, 1984.

The plaintiff did not leave the country voluntarily. On November 7, 1986, the plaintiff filed this lawsuit. The INS subsequently commenced deportation proceedings against the plaintiff, by Order to Show Cause dated April 14, 1987. The action is before the court on defendant's motion, and plaintiff's cross-motion, for summary judgment.

## LEGAL ANALYSIS

As always, the court must determine that it is properly vested with subject matter jurisdiction before it can address the merits of the action. The plaintiff relies on 8 U.S.C. section 1329, which vests district courts with subject matter jurisdiction of all civil actions arising under any provision in subchapter II of the INA. Section 1255 is included in subchapter II. *See* 8 U.S.C. § 1255 (1982).

The defendant argues that the court lacks jurisdiction because this controversy is not ripe for adjudication. Specifically, the defendant argues that the plaintiff has failed to exhaust his administrative remedies. *See* Memorandum of Law in Support of Government's Motion for Summary Judgment at 5–7. The defendant concedes that the plaintiff does not possess a right of appeal from the District Director's denial of his adjustment application. *See* 8 C.F.R. § 245.2(a)(5)(ii) (1988). The defendant proceeds to note that the plaintiff possesses the right to submit his application for adjustment of status for *de novo* consideration during the deportation proceedings which the government has attempted to initiate. *See id.* The defendant argues from this that the plaintiff has failed to exhaust his administrative remedies, since the matter has not been submitted for consideration in the deportation proceeding.[1]

There are few reported cases addressing the ripeness of actions in a posture similar to that presented here, *i.e.*, where the deci-sion of the District Director precedes the institution of deportation proceedings. The Seventh Circuit has held that a district court properly declined to exercise subject matter jurisdiction under these circumstances, as the plaintiff retained the right to present his application for adjustment of status in his deportation proceedings. *See Massignani v. INS*, 438 F.2d 1276, 1276–78 (7th Cir.1971) (per curiam). The Second Circuit has held that an individual is not denied due process of law because of an inability to appeal an initial denial of an INA section 245 application directly, because the individual "is entitled to a de novo review of his application in the context of deportation proceedings." *See Jain v. INS*, 612 F.2d 683, 689–90 (2d Cir.1979), *cert. denied*, 446 U.S. 937, 100 S.Ct. 2155, 64 L.Ed.2d 789 (1980).

On the other hand, the Ninth Circuit has held that a district court possesses subject matter jurisdiction to review the denial of status adjustment issued prior to the institution of deportation proceedings. *See Jaa v. United States INS*, 779 F.2d 569, 570–71 (9th Cir.1986); *accord, Javier v. INS*, 335 F.Supp. 1391, 1392–93 (N.D.Ill.1971) (without discussion, district court assumed jurisdiction after denial of status adjustment, but prior to institution of deportation proceedings).

The court concludes that this matter is not ripe for review. In the first place, *Jain v. INS*, the law of this Circuit, implies such a result. *See* 612 F.2d at 689–90.

In the second place, the decision of the Seventh Circuit in *Massignani, see* discussion *supra* at 1555, though not controlling on this court, *SEC v. Shapiro*, 494 F.2d 1301, 1306 n. 2 (2d Cir.1974); *Investment Co. Inst. v. Clarke*, 630 F.Supp. 593, 594 n. 3 (D.Conn.1986), *aff'd per curiam*, 789 F.2d 175 (2d Cir.), *cert. denied*, 479 U.S. 940, 107 S.Ct. 422, 93 L.Ed.2d 372 (1986), is deemed persuasive. *See Gramuglia v. Levi*, 194 U.S.P.Q. (BNA) 324, 326 (N.D.N.Y.1976).

---

1. To date, no hearing has been conducted in the deportation proceeding. *See* Declaration of Chad A. Vignola in Support of Government's Motion For Summary Judgment, executed Nov. 9, 1987, at para. 3.

In the third place, a similar conclusion has been reached in a related area, governing requests for asylum. Under 8 C.F.R. § 208.8(a) (1988), a district director of the INS has discretion to approve or deny an application for asylum. "No appeal shall lie from the decision of the district director." *Id.* § 208.8(c) (1988). However, in the event of denial, "the applicant may renew his/her request for asylum before an immigration judge in exclusion or deportation proceedings." *Id.* § 208.9 (1988). The Seventh Circuit has held that

> the goals of judicial and administrative efficiency are promoted in requiring an alien seeking asylum to exhaust his administrative remedies before seeking judicial relief.
>
> ... [A]liens may not seek district court review of the District Director's denial of their asylum petitions and injunction of deportation proceedings but must exhaust their administrative remedies by renewing the asylum petition in the ensuing deportation proceeding.

*Kashani v. Nelson,* 793 F.2d 818, 826–27 (7th Cir.), *cert. denied,* 479 U.S. 1006, 107 S.Ct. 644, 93 L.Ed.2d 701 (1986). At least one district court in the Southern District of New York has reached the same conclusion as the Seventh Circuit did in *Kashani. See Yim Tong Chung v. Smith,* 640 F.Supp. 1065, 1069 (S.D.N.Y.1986) ("While the District Director's asylum decision is 'final' in the sense that it is a non-appealable, discretionary decision, it is not in any sense a final administrative action.") (citations omitted) (citing *Jain v. INS* as analogous).

In the fourth place, and most importantly, the decision of District Director to refuse to exercise discretion does not compel the conclusion that the plaintiff is statutorily eligible for adjustment. "[W]hen the circumstances indicate that the grant of discretion will be refused, it is not uncommon for the administrative officials to assume eligibility and to deny relief in the exercise of discretion." 2 C. Gordon, H. Rosenfield, & S. Mailman, *Immigration Law & Procedure* § 7.1(b) at 7–10 (1988). A body later carrying out functions of the INS is free "to make [its] own legal judgment on eligibility." *See INS v. Bagamasbad,* 429 U.S. 24, 27, 97 S.Ct. 200, 201, 50 L.Ed.2d 190 (1976) (per curiam). This means that the INS could ask the immigration judge conducting the plaintiff's deportation proceeding to declare that the plaintiff is statutorily ineligible for adjustment of status.[2]

The importance of this possibility is that, should the immigration judge conclude that the plaintiff fails to meet the "threshold requirements" of 8 U.S.C. section 1255(a), *see Che-Li Shen v. INS,* 749 F.2d 1469, 1472 (10th Cir.1984), and is therefore statutorily ineligible for adjustment of status, then the immigration judge will not proceed to determine the plaintiff's request for such adjustment. *See id.* at 1472–73. In that event, this court's decision regarding the appropriateness of the District Director's refusal to exercise his discretion to adjust the plaintiff's status would constitute an advisory opinion. "[F]ederal courts have never been empowered to issue advisory opinions." *FCC v. Pacifica Found.,* 438 U.S. 726, 735, 98 S.Ct. 3026, 3033, 57 L.Ed.2d 1073 (1978); *see, e.g., City of New York v. Pierce,* 609 F.Supp. 798, 799 (S.D. N.Y.1985); *Long Island Lighting Co. v. County of Suffolk,* 604 F.Supp. 759, 761–62 (E.D.N.Y.1985). This principle is as true in cases seeking declaratory judgments as any other field. *See Long Island Lighting Co.,* 604 F.Supp. at 761–63; *Bellefonte Reinsurance Co. v. Aetna Casualty & Surety Co.,* 590 F.Supp. 187, 190–92 (S.D.N.Y. 1984).

---

**2.** The INS has argued to the court two separate bases for reaching the conclusion that the plaintiff is statutorily ineligible for adjustment of status. *See* Memorandum of Law in Support of Government's Motion For Summary Judgment at 8–9 (plaintiff ineligible due to engagement in "unauthorized employment prior to filing [his] application for adjustment of status"); Reply Memorandum of Law in Support at 4–6 (plaintiff's departure from United States constitutes abandonment of application for adjustment of status). Because the court concludes that it does not possess subject matter jurisdiction over this action, the court does not determine these issues.

## CONCLUSION

The court does not possess subject matter jurisdiction over the plaintiff's action because it is not ripe for resolution at this time. Therefore, the complaint is dismissed without prejudice to file an action challenging any adverse decision rendered in the deportation proceeding. The Clerk of the Court is directed to enter judgment accordingly.[3]

SO ORDERED.

---

**3.** The court notes that the plaintiff has raised a constitutional issue. This issue also is not ripe for adjudication at this time, and may be addressed, if necessary, after the conclusion of the deportation proceeding. *See Massignani v. INS,* 438 F.2d 1276, 1277–78 (7th Cir.1971).