**NATIONAL ADVANCED SYSTEMS, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 88–01–00015.**

United States Court of International Trade.

July 30, 1992.

---

Brobeck, Phleger & Harrison, Jeffrey S. Kingston and Renata B. Hesse, San Francisco, Cal., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Civ. Div., Commercial Litigation Branch, U.S. Dept. of Justice, and Saul Davis, Washington, D.C., for defendant.

## OPINION AND ORDER

TSOUCALAS, Judge:

On January 30, 1992, plaintiff, National Advanced Systems ("NAS"), served the government with interrogatories, requests for admission, and a document request. The government's responses were provided on or about April 4, 1992. Plaintiff claims that these responses are incomplete and moves pursuant to Rule 37 of the Rules of this Court to compel responses to its interrogatory nos. 3–8, 10, 13–15, 22, 24–26 and 28–35; request for admission nos. 16 and 18; and document request no. 1.[1] Parties are faced with a discovery cut-off date of August 14, 1992.

Plaintiff claims that these discovery requests deal with the basic facts of the government's case regarding the importation and dutiability of plaintiff's Additional Instruction Processors ("AIP"), and that government's complete responses are necessary for NAS to prepare for trial. Defendant objects to these discovery requests on the grounds that the answers will reveal attorney work-product and that they are irrelevant. Oral argument on this motion was heard on July 21, 1992.

### Discussion

1. *Attorney Work-product*

According to Rule 26(b)(3) of the Rules of this Court, "a party may obtain discovery of documents and tangible things otherwise discoverable ... and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative. ..." This may be done "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and the party is unable without undue hardship to obtain the substantial equivalent of the materials by other

---

1. Document request No. 1 seeks all documents identified in response to plaintiff's interrogatories and requests for admission.

means." USCIT R. 26(b)(3) (emphasis omitted).

In *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947), the Supreme Court stated that

> [m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession. The deposition-discovery procedure simply advances the stage at which the disclosure can be compelled from the time of trial to the period preceding it, thus reducing the possibility of surprise.

*Id.* at 507, 67 S.Ct. at 392.

█ In doing so, however, the court shall protect against disclosure of attorney work-product; specifically the "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." *See* USCIT R. 26(b)(3); *see also Hickman*, 329 U.S. at 508, 67 S.Ct. at 392.

The Supreme Court in *Hickman* "explicitly refused to extend the definition of 'work product' to include the specific facts upon which a party's contentions are based." *Rheem Mfg. Co. v. Strato Tool Corp.*, 276 F.Supp. 1005, 1007 (D.N.J.1967).

█ While some of the information sought by plaintiff is factual, plaintiff is also asking the government to supply them with information provided in judicial rulings and findings, textbooks, treatises, dictionaries, and the like. NAS is entitled to complete factual background of this case in order to adequately prepare for trial, but it cannot expect the government to perform its research. *See Lewis v. Chicago Housing Authority*, 1991 WL 222167, 1991 U.S. Dist. LEXIS 15082 (N.D.Ill. Oct. 18, 1991); *see also Virginia Elec. & Power Co. v. Sun Shipbuilding & Dry Dock Co.*, 68 F.R.D. 397, 402 (E.D.Va.1975).

In *Lewis v. Chicago Housing Authority*, plaintiff's motion to compel discovery of "any documents which [defendant] intends to rely on to support its contention" was denied. *Id.*, 1991 WL 222167 at *3, 1991 U.S. Dist. LEXIS 15082 at *9. The court firmly stated that "[p]laintiff's attorneys can do their own research on the law ... and argue their own conclusions before this court. [This Court] will not order defendant to do plaintiff's legal research." *Id.*, at 1991 WL 222167 at *4, 1991 U.S. Dist. LEXIS 15082 at *10.

█ Furthermore, Rule 26(b)(3) explicitly states that a party is entitled to discovery if the party "is unable without undue hardship to obtain the substantial equivalent of the materials by other means." In the case at hand, the government adequately answered interrogatory nos. 3–8, 10, 13, 22, 24–25, 32 and 35. Any further information sought by plaintiff as contained in judicial rulings and findings, textbooks, treatises, and dictionaries *is obtainable* by plaintiff without undue hardship. This Court will not order the government to do plaintiff's research for them which they are perfectly capable of doing themselves. Therefore, plaintiff's motion to compel further responses to interrogatory nos. 3–8, 10, 13, 22, 24–25, 32 and 35 is denied.

2. *Interrogatory Nos. 14–15, 26, 28–31 and 33–34; Request for Admission No. 16*

█ With respect to the remainder of the interrogatories at issue, nos. 14–15, 26, 28–31, 33–34 and request for admission no. 16, defendant claims that these discovery requests are irrelevant or would reveal attorney work product, and refuses to answer them. These requests primarily focus on two issues. The first is whether the AIP has moving or movable parts and therefore can be classified as a machine within the meaning of the tariff statutes. The second issue deals with custom and usage in the computer industry. Parties "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery...." USCIT R. 26(b)(1). In this case, plaintiff has a right to these factual answers in order to prepare for trial and revealing such information is not attorney

work product since it would not reveal the thought process of the government.

Therefore, NAS's motion to compel responses to interrogatory nos. 14–15, 26, 28–31, 33–34 and request for admission no. 16 is granted. Defendant must also supply all documents identified in these responses pursuant to plaintiff's document request no. 1.

### 3. *Request for Admission No. 18*

■ Finally, NAS moves to compel responses to request for admission no. 18 which states: "Admit that the imported merchandise is not capable alone of functioning as a calculating machine." Defendant objects to this request on two grounds. First, they claim that the request is irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. This request is in fact relevant since the crux of plaintiff's case is that the AIP is just a component part of a computer that cannot operate by itself.

Defendant additionally claims that the phrase, "is not capable alone," which is contained within admission no. 18, is unclear. Based on plaintiff's explanation, this Court finds that it is clear plaintiff means that the AIP cannot operate standing alone and that it must be connected to a computer in order to function. Thus, defendant is hereby ordered to answer request for admission no. 18 and to supply all documents identified in this response pursuant to plaintiff's document request no. 1.

### CONCLUSION

In accordance with the foregoing opinion, plaintiff's motion to compel answers to interrogatory nos. 3–8, 10, 13, 22, 24–25, 32 and 35 is denied as defendant has adequately supplied answers thereto. Plaintiff's motion to compel answers to interrogatory nos. 14–15, 26, 28–31, 33–34 and requests for admission nos. 16 and 18 are granted. Defendant is hereby ordered to submit answers to the above, as well as all documents identified in all discovery requests at issue in this motion, to plaintiff by August 6, 1992, at 5 p.m. EST.